## MORRISON *v.* BERNARDS TOWNSHIP, (three cases.)

*(Circuit Court, D. New Jersey.   May 25, 1888.)*

CLERK OF COURT—UNITED STATES CIRCUIT COURT—FEES—RECORDING PROCEEDINGS AND JUDGMENTS.

The clerk of the United States circuit court of New Jersey is entitled to collect from plaintiff, in an action at law, fees for recording the proceedings and judgments therein in favor of plaintiff, as Rev. St. U. S. § 914 provides that the pleadings and forms and modes of proceedings in civil causes other than equity and admiralty in the circuit and district courts of the United States shall conform as nearly as may be to the forms and modes of procedure in like causes in the states where such courts are held, and the practice act of N. J. § 76 provides that when any civil action shall have been determined, the clerk of the court shall enter all the proceedings, including the judgment, in a book of records to be kept for that purpose.

At Law.    On stipulation as to costs.

Plaintiff having recovered three judgments against defendant, a question arose concerning the clerk's fees, when the following stipulation was entered into, referring the matter to the court:

"Question being made whether the fees charged for entering the judgments in these cases, respectively, as above stated, were lawfully to be taxed against the defendants and to be paid, in default of their payment by the plaintiff said question is hereby submitted to the decision of the court.    Dated March 27, 1888.   CORTLANDT & WAYNE PARKER, attorneys for plaintiffs.   S. D. OLIPHANT, Clerk, etc."

Before BRADLEY, Justice, and NIXON, J.

BRADLEY, Justice. The costs in a cause at law are those of the plaintiff and those of the defendant. Neither party has any concern with the costs of the other party until judgment. Then the successful party recovers his costs from the unsuccessful party, and they form part of the judgment. The costs of the unsuccessful party never appear in the judgment. The clerk and other officers of the court collect their costs from the party for whom each item of service is done, and the amount forms part of such party's bill of costs. No judgment is entered in favor of the clerk for costs, except upon a rule against the party owing costs to him, which is a summary proceeding by itself, ending in an attachment. In general it is very easy to distinguish the costs of the plaintiff from those of the defendant. The cost of every act done by his attorney, of every paper filed, and of every entry made in his behalf, is chargeable to him. If he obtains judgment against the defendant, the cost of entering such judgment, and the cost of enrolling the proceedings, where that is required to complete the process, are chargeable to the plaintiff, because these acts are done in his behalf, and by his actual or presumptive request. If the enrolling of the proceedings in the present cases is required by law, the costs are part of the plaintiff's costs, primarily payable by him, but recoverable by him from the defendant as part of his judgment. Formerly it was not customary to enroll the pleadings and proceedings, either in actions at law or in equity, in the circuit court of the United States for this district, and the consequence has been that many records and acts of the court are irretrievably lost. The change of clerks and offices, and the danger to which loose files are in various ways exposed, render their preservation extremely precarious. In 1872 congress passed an act, the fifth section of which now constitutes section 914 of the Revised Statutes of the United States, which declares that "the practice, pleadings, and forms and modes of proceeding in civil causes other than equity and admiralty causes, in the circuit and district courts, shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding." If this act extends to the mode of entering and recording judgments, we shall then be obliged to see what the practice in New Jersey is with regard to those matters. *Prima facie* the act covers the case. The entry of judgment and mode of making it a record are parts of the form and mode of proceeding in a cause. The 917th section of the Revised Statutes gives to the supreme court a large control, by the adoption of rules, over the practice in suits in equity and admiralty, including the modes of entering and enrolling decrees; and the 918th section gives authority to the circuit and district courts, where the statutes and the rules of the supreme court do not apply, to make rules and orders directing the return of writs, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulating their own practice, as may be necessary or convenient. But as section 918 is taken from old laws, long previous to the act of

1872, the latter, so far as it applies, should be construed to overrule its provisions. The compilers of the Revision had a careless habit of inserting all laws, old and new, however inconsistent with each other, in the Revision, so as. sometimes to make an unintelligible tangle without attending to the relative age of the different acts from which they were taken. I think that section 914 governs the case.

Then we are to seek the law of New Jersey on the subject of recording judgments. By the common-law practice formerly prevailing in the province and state, a judgment roll was made up, and filed in the clerk's office of the court in which judgment was rendered. But ever since the revision by Mr. Paterson, this practice has been discontinued, it being provided in the practice act compiled by him (section 76) that when any civil cause, of whatever nature it be, shall be finally determined, the clerk of the court shall enter the warrants of attorney, declaration, pleadings, proceedings, and judgment in such cause, (which constituted the contents of the old roll,) so as to make a complete record thereof in a separate book to be kept for that purpose, with a complete alphabetical index to the same. For this service the clerk was allowed one dollar, which was always charged to the party in whose favor the judgment was rendered, and was taxed in his bill of costs, and recovered by him against the other party. This law has never been changed. See Revision N. J. tit. "Practice," § 192. But for the relief of the successful party, in case he should wish to avail himself of his judgment in any way in the court in which it was recovered, the legislature of New Jersey in 1863 passed a supplement to the practice act (Id. § 194) providing that until the clerk shall enter the proceedings, as aforesaid, the verdict or rule for judgment in the minutes of the court shall be held and taken, in the court in which the same is obtained, to be the record of the judgment in such cause, and shall be received in evidence in said court as such judgment, as fully as if the record had been made up and signed as by said section (192) is required. This statute does not dispense with the making of the record, nor prevent the successful party from including the cost of it in his bill of costs recoverable against the other party It only makes the minute entry of the proceedings and judgment effective as such for all purposes of execution and evidence in the court itself for the intervening period between the rendering of the judgment and the making up of the record. This was always the understanding of the profession. I suppose the act was passed to remove all doubt on the subject. From this we take the law of New Jersey to be that the proceedings are not complete in a suit until the record is made up in the judgment book, and that it is the clerk's duty thus to make it up, and that the cost of making this record is chargeable to the successful party, and is recoverable by him against his opponent. It would hardly do to say that the successful party may waive the entry of the record, and rely on the benefit of the law of 1863, making his judgment effective in the court in which it was rendered without its being recorded. If this were allowed, nothing but irregularity and confusion would follow. If he should instruct the clerk not to record his judgment, contrary to the policy of the law,

it might well be regarded as an abandonment of the judgment, and as rendering it null and void, or liable to be declared so by the court. I am constrained to hold, therefore, that since the act of congress of 1872 it has been the duty of the clerks of the United States circuit and district courts in New Jersey to provide judgment books for recording all judgments in suits at common law in the same manner as is done in the courts of the state, and that they are entitled to charge for such recording the fees allowed by the fee-bill of the act of congress, and that the party chargeable with the expense thereof is the successful party in each suit in whose favor the judgment was rendered. My conclusion therefore is that the plaintiffs in the above cases are liable for the costs of recording the proceedings and judgments therein, and that the clerk is entitled to collect the same accordingly.

NIXON, J., concurs.