EWING v. BURNHAM.

(Circuit Court, D. Vermont. May 19, 1896.)

PRACTICE—FOLLOWING STATE PROCEDURE—REV. ST. §§ 914, 918.

The provision of Rev. St. § 914, that the practice, etc., in the courts of the United States shall conform as near as may be to the practice, etc., of the state courts, applies to systems of judicial procedure, not to the details of doing the business of courts, which are left to be provided for by rules of court, made pursuant to Rev. St. § 918. Accordingly, *held*, that rules of a United States circuit court, providing that writs shall be returnable to the regular terms of the court, and that suits are to be docketed on the first day of the term, is not abrogated by the passage of a state statute providing that writs in the state courts shall be returnable to the clerk's office and be docketed therein within 21 days.

P. M. Meldon and C. A. Prouty, for plaintiff.
D. J. Foster, for defendant.

WHEELER, District Judge. The practice, pleading, and forms and modes of procedure in civil causes other than equity and admiralty causes in the circuit and district courts of the United States are to conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state. Rev. St. U. S. § 914. And these courts may, in any manner not inconsistent with any law of the United States or rule of the supreme court, make rules and orders directing the returning of writs and processes. the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice. Id. § 918. The common-law mode of procedure exists in this state, and till 1892 writs were returnable to the regular terms of the courts. By the eighth rule of this court, processes were and are returnable at the regular terms; by the thirteenth rule suits were and are to be docketed; and by the fourteenth rule the appearance of the defendant was and is to be entered on the first day of the term. In 1892 writs in the state courts were made returnable to the clerk's office and to be entered and docketed there within 21 days, and the appearance of the defendant was required to be entered there within 42 days. St. Vt. §§ 1088–1090. The rules of this court have not been changed. This writ was made returnable to this term. The suit was docketed, a special appearance of defendant to move to dismiss was entered, and a motion to dismiss because the writ was

not made returnable to, nor entered nor docketed in, the clerk's office within 21 days. These two sections of the federal statutes stand, and are to be construed, together to give due effect to both. The general provision of the one as to practice, pleading, and forms and mode of procedure applies to systems of judicial procedure as matters of separate study, and not to details of methods of doing the business of courts. Nudd v. Burrows, 91 U. S. 426; Railroad Co. v. Horst, 93 U. S. 291; Sherry v. Navigation Co., 72 Fed. 565. These are left to be provided for by rules of court under the other section, and the returning of writs is there specially mentioned as a subject of such rules, which are within the power of the court, and valid when made. Cutter Co. v. Jones, 21 Blatchf. 138, 13 Fed. 567. This is not contrary to Amy v. Watertown, 130 U. S. 301, 9 Sup. Ct. 530, which relates to the officer of a municipal corporation of the state upon whom process should be served, which must always depend upon the laws of the state; and the amendment allowed in Mack v. Porter, 18 C. C. A. 527, 72 Fed. 236, seems to have been within the statutes of the United States on that subject, although the statutes of the state were referred to in upholding it. These statutes of the state do not provide any new practice, pleading, form, or mode of procedure such as would be adopted by section 914; but relate to details provided for by section 918, and the rules under it, which are not affected by state statutes. So this writ appears to have been made returnable, and been returned, in the proper way, and the only proper way, as the statutes and rules now stand. Motion overruled.