IMPORTERS' & TRADERS' NAT. BANK OF NEW YORK v. LYONS et al.

(Circuit Court, E. D. Pennsylvania. January 21, 1905.)

No. 61.

1. DEPOSITIONS—WHEN ALLOWABLE.

In actions at common law the depositions of witnesses cannot be taken before the trial, to be used on the trial, but must be taken orally in open court, unless the witnesses reside more than 100 miles from the place of trial, or are bound on a voyage to sea, or are about to go out of the United States or out of the district in which the case is to be tried, and to a greater distance than 100 miles from the place of trial, before the time of trial, or when the witness is aged and infirm, and in these excepted cases the deposition may be taken and read at the trial.

[Ed. Note.—Conformity of federal courts to state practice in taking depositions, see note to O'Connell v. Reed, 5 C. C. A. 602.]

2. COURTS—UNITED STATES CIRCUIT COURTS—PRACTICE—RULES.

Rev. St. § 918 [U. S. Comp. St. 1901, p. 685], authorizing the Circuit Courts to make rules and orders regulating their practice, should be construed in connection with section 914 [U. S. Comp. St. 1901, p. 684], requiring the practice and proceedings in Circuit Courts to conform, as near as may be, to the practice in the courts of record of the state, any rule of the court to the contrary notwithstanding.

3. MOTIONS—DISCRETION OF COURT—DETERMINATION OF FACTS.

Motions are always addressed to the discretion of the court, and it is entirely within its province to determine in what manner it will satisfy itself of the facts which appeal to its discretion.

4. SAME—HEARING ON RULES—USE OF DEPOSITIONS.

Rev. St. § 918 [U. S. Comp. St. 1901, p. 685], authorizes the Circuit Courts to make rules regulating their practice. Section 914 [U. S. Comp. St. 1901, p. 684] requires the practice in such courts to correspond with that of the state courts. Rule 7, § 4, of the Circuit Court for the Eastern District of Pennsylvania, provides that on rules to show cause the testimony of witnesses shall be taken by depositions. There is no act of Congress, or statute of Pennsylvania, or rule of local practice of that state, in conflict with the rule. *Held*, that depositions may be taken to be used on the hearing of the rule, notwithstanding the provision of Rev. St. § 861 [U. S. Comp. St. 1901, p. 661], requiring proof in the trial of actions at common law to be by oral testimony, and examination of witnesses in open court.

Motion to Show Cause Why the Service of Subpœna should not be Set Aside.

J. W. M. Newlin, for the motion.
Frank P. Prichard, opposed.

HOLLAND, District Judge. The above-mentioned suit at common law is pending in this circuit, and, in connection with this case, the plaintiff presented a petition alleging certain facts, and obtained a rule to show cause on the defendants. In that rule the defendants filed an answer. The case is down for argument on Wednesday, February 1st. The defendants, however, subpœnaed Edward Townsend, president of the plaintiff bank, for the purpose of taking his deposition, to be used at the hearing in the above-mentioned rule. It is contended on behalf of Mr. Townsend that because it is provided in section 861, Rev. St. [U. S. Comp. St. 1901, p. 661], that the "mode of proof in the trial of actions at common law shall be by oral testimony, and examination of witnesses in open court, except as hereinafter provided," the witness' deposition cannot be taken on this rule, but he must be examined in open court at the hearing of the rule.

There is no question but that it has been held by the courts that in actions at common law the depositions of witnesses cannot be taken before the trial, to be used in court before the jury at the trial of the case, but their testimony must be taken orally in open court, except where they reside more than 100 miles from the place of trial, or bound on a voyage to sea, or about to go out of the United States, or out of the district in which the case is to be tried, and to a greater distance than 100 miles from the place of trial, before the time of trial, or when the witness is ancient and infirm. In these excepted cases the deposition may be taken and read at the trial. Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117; Shellabarger v. Oliver (C. C.)

64 Fed. 306; Register Co. v. Leland (C. C.) 77 Fed. 242; Despeaux v. Pennsylvania Railroad Co. (C. C.) 81 Fed. 897.

It is not, however, intended in this case to take the deposition of a witness for the purpose of using it at the trial of the case before a jury at common law, but for the purpose of using the deposition at the hearing of a rule to show cause, and for this purpose we are of the opinion the witness' deposition can be taken.

By section 4 of rule 7 of this court, it is provided:

"On all motions or rules to show cause, on the hearing of which facts are to be investigated, the testimony of witnesses shall be taken by depositions in writing, before a judge, magistrate, alderman, notary public, or a commissioner appointed by the court, upon forty-eight hours' notice in writing to the opposite party or his attorney; and no witness shall be examined at the bar, unless by a special previous order of the court."

By section 918, Rev. St. [U. S. Comp. St. 1901, p. 685], the several Circuit Courts of the United States are authorized to "make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules * * * and otherwise regulating their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings." This section should be construed in connection with section 914, Rev. St. [U. S. Comp. St. 1901, p. 684], which provides that the practice, pleadings, and forms and modes of proceedings in civil causes in Circuit Courts shall conform, as near as may be, to the practice, etc., in the courts of record of the state, any rule of court to the contrary notwithstanding. Ewing v. Burnham (C. C.) 74 Fed. 384; Savings Bank v. Bossieux, Fed. Cas. No. 9,977; Morrison v. Bernards Township (C. C.) 35 Fed. 400; Wayman v. Southard, 10 Wheat. 42, 6 L. Ed. 253.

There is no statute of the state of Pennsylvania in conflict with this rule of the Circuit Court, nor has my attention been called to any rule of local practice in conflict with that adopted by this rule. In fact, it embodies the practice both in the circuit and local courts in this district in the matter of taking depositions on motions or rules to show cause, from time immemorial. Congress has not seen fit to legislate on this matter of practice as to the method of informing the court as to the facts on motions and rules to show cause where the facts are disputed. Motions are always addressed to the discretion of the court, and it is therefore entirely within its province to determine in what manner it will satisfy itself of the facts which appeal to its discretion. The Circuit Court in this district has adopted a method of establishing facts in dispute, on motions and rules to show cause, in conformity with the local practice, and has embodied it in this rule above mentioned. Chief Justice Mitchell, of the Supreme Court of Pennsylvania, in his work on Motions & Rules at Common Law, says, "All rules to show cause include authority to take depositions both in support of or against them (Coulon v. De Lisle, 1 Browne, 256), and, in general, depositions are required."

This motion, therefore, is dismissed, and Edward Townsend is required to answer the subpœna as a witness, which was served upon him according to law.