## TURNER *v.* SHACKMAN.[1]

### (*Circuit Court, E. D. Missouri.* March 29, 1886.)

1. DEPOSITIONS—DEDIMUS POTESTATEM—SECTION 866, REV. ST.—STATE STATUTES.
   A "common usage," within the meaning of section 866, Rev. St., cannot be established by a state statute.
2. SAME—DEPOSITIONS DE BENE ESSE.
   A *dedimus potestatem* will not be granted to take testimony which can be taken by deposition *de bene esse.*
3. SAME—DEPOSITION OF DEFENDANT.
   Section 866, Rev. St., does not authorize the granting of a *dedimus potestatem* to take the deposition of a defendant, where the only object appears to be to ascertain what he will swear to before placing him on the witness stand in court, especially where no answer has been filed, and the answer is not yet due.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

At Law. Motion for *dedimus.*
*J. C. Normile,* for plaintiff.
*Z. G. Mitchell,* for defendant.

BREWER, J., (*orally.*) In this case application was made for a *dedimus* to take the testimony of a witness about to leave this jurisdiction, and also the testimony of the defendant. So far as the testimony of the witness about to leave the jurisdiction is concerned, that can be taken by deposition *de bene esse.* As far as the testimony of the defendant is concerned, the application comes within the late decision of *Ex parte Fisk,* 113 U. S. 713, S. C. 5 Sup. Ct. Rep. 724, in which it is held that the deposition of a party cannot be taken unless it comes within the exceptions named in the federal statutes. Counsel cited to us an opinion by Judge McCRARY, in which he interprets the words "common usage" to mean the usage prevalent in the state; but Judge MILLER in writing his opinion very emphatically says "it is not according to common usage to call a party in advance of the trial at law, and subject him to all the skill of the opposing counsel to extract something which he may then use or not as suits his purpose. This is a very *special* usage, dependent wholly upon the New York statute." I do not think the showing made is sufficient to bring the case within the provision "that when it is necessary to prevent a failure or delay of justice any courts of the United States may grant a *dedimus;*" for while plaintiff alleges in his affidavit that it is necessary to take the deposition of the defendant in order that he may set out specific matters of account which should have been kept on the defendant's books, and which have not been, yet his petition is accompanied by an exhibit in which is a full, itemized account, of some ten or a dozen pages, giving dollars and cents, pounds and fractions thereof, etc. Evidently, this is an effort to see what the defendant will testify to before he is put upon the witness stand in presence of the jury.

The motion for *dedimus* will be overruled.

Brother TREAT adds a suggestion which is very pertinent in this case. The petition has just been filed; no answer has been filed or is due; and no one can tell in advance whether any testimony will be needed. *Non constat* but that the defendant may admit all that is claimed in the petition.