### SHELLABARGER v. OLIVER.

(Circuit Court, D. Kansas, Second Division. November 21, 1894.)

DEPOSITIONS—TAKING BEFORE TRIAL.

Act Cong. March 9, 1892 (27 Stat. 7), providing that, in addition to the mode of taking depositions in the federal courts, depositions may be taken "in the mode prescribed by the laws of the state in which the courts are held," only adopts the state practice as to the manner of taking depositions, and does not, in connection with Gen. St. Kan. par. 4442, providing that "either party may commence taking testimony by deposition at any time after service on defendant," authorize the taking of defendant's deposition before trial, in the absence of any of the grounds therefor prescribed by Rev. St. U. S. §§ 863, 866.

At Law. Action by Isaac Shellabarger against Mark J. Oliver. Heard on rule to show cause why defendant should not be attached for contempt in refusing to testify before an officer authorized to take depositions. Rule discharged.

Chas. S. Cairns and T. W. Sargeant, for plaintiff.
O'Bryan & Gordon and W. E. Stanley, for defendant.

FOSTER, District Judge. The plaintiff brought an action at law against the defendant to recover on a promissory note, and at the same time took out an attachment against defendant's property on the ground prescribed by the statutes of Kansas. After making service of summons in the case, he proceeded at once to take the deposition of the defendant in the manner provided by the statutes of Kansas, and the practice recognized by the courts of the state. This practice is not materially different from the usual mode of taking depositions de bene esse under the laws of the United States (section 863). Notice of the time and place of taking the deposition was duly given, but no reason was given, or required in the state

practice, for taking the deposition. The defendant appeared before the notary, as required by the subpoena, but refused to give his testimony, asserting that none of the grounds existed for taking his depositions, etc. Among other questions put to the witness, were the following:

Q. You are the defendant in this action? A. I decline to testify, for the following reasons: First, I reside at Wichita, Kansas, at the seat of the court in which this case is pending; second, I am a party to this suit; third, I expect to continue my residence in Wichita, and to be present at the trial in this ca..e when the same is called for trial, and then I will give my testimony in the case, if so desired; fourth, I am not sick, aged, or infirm. Q. What transfer of property did you make to your wife, Stella Oliver, on or about the 13th day of August, 1894? A. I decline to testify, for the reasons before given. Q. What consideration did you receive for the transfer referred to in the last question? A. I decline to testify, for the same reasons before given. Q. Were you, or were you not, in an embarrassed condition, financially, at that time? A. I decline to answer, for the reasons before stated. Q. What transfer of property did you make to your father, Hiram Oliver, on or about the 13th day of August, 1894? A. For reasons given before, I decline to answer. Q. Did you, on or about the 13th day of August, 1894, execute to Hiram Oliver a deed for real estate? A. Same answer as before. Q. What consideration have you received from anybody for transfer of property to your father since the 1st day of July, 1894? A. Same answer as before. Q. Have you received any consideration for transfer of property to your father or to your wife since July 1, 1894? A. Same answer as before.

The plaintiff procured a rule for defendant to show cause why he should not be attached and punished for contempt.

The defendant resides in the city of Wichita, where this suit is pending. It is not shown that he is about to go out of this district, or that he is aged or infirm, nor does the plaintiff assert that he expects to use his deposition on the trial of the case. He plants himself on the broad ground that under the statutes of Kansas, and the practice thereunder, he has the right to commence taking depositions of witnesses as soon as process is served; and he bases his contention on the Kansas statute (section 4442) and the act of congress of March 9, 1892 (27 Stat. p. 7), which last act reads as follows:

"That in addition to the mode of taking the depositions of witnesses in cases pending at law or equity, in the district and circuit courts of the United States, it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held."

It is insisted that this act, in all respects, adopts the practice of the state in which the court is held, in the matter of taking depositions. It was decided by the supreme court (Ex parte Fisk, 113 U. S. 713–725, 5 Sup. Ct. 724) that the act of congress (section 914, Rev. St.) adopting the practice, pleading, and forms and mode of proceedings in law actions of the court of the state in which the federal court is held, did not thereby conform the mode of taking depositions to be used in the federal court to a statute of a state authorizing an order for the examination of a defendant under oath before trial; that such statute was in conflict with section 861, Rev. St. U. S., and was therefore inoperative. The court lays down the rule that, to justify the taking of the depositions of witnesses to be used on the trial, some one of the reasons for taking the same, as set

forth in sections 863, 866, Rev. St., must be shown.  Mr. Justice Miller, speaking for the court, says (page 725, 113 U. S., and page 724, 5 Sup. Ct.):

"We are well satisfied that the circuit court cannot enforce the order of the state court to procure evidence which, by the act of congress, is forbidden to be introduced on the trial if it should be taken."

It will be observed that the act of 1892, in addition to the then existing modes of taking depositions, specifically adopts the mode prescribed by the laws of the state in all cases pending, both at law and in equity, in the United States courts; but it would be going too far to assume that congress, in adopting the mode of taking such deposition and testimony, intended to add new cases for taking and reading such testimony to those already set forth in sections 863 and 866.  It adopts the mode or manner of taking the deposition practiced in the state courts, but not the causes or grounds for taking such deposition.  Those remain as heretofore prescribed, and it is perhaps reasonable to assume that, with this exception, we may safely take the laws of the state as our guide in all matters pertaining to the taking of depositions in law and equity cases pending in the federal courts.  Of course, the statutes, both state and federal, contemplate taking the deposition of witnesses in anticipation of the happening of certain events which will make them competent testimony at the trial of the cause; and parties do not have to accept as conclusive the statement of witnesses as to the probability of those events occurring, but may proceed to take the testimony if there are fair grounds to apprehend the happening of the event, and the party is acting in good faith to procure the evidence of witnesses to be used at the trial.  And this rule is not in conflict with the precedent established in Ex parte Fisk, supra, and is in harmony with the decisions of the supreme court of Kansas.  The statutes for taking depositions cannot be used as a means to compel a party to disclose his case in advance to his adversary, nor to pump his witnesses, to ascertain what they will testify at the trial.  See In re Davis, 38 Kan. 413, 16 Pac. 790.  In Re Abeles, 12 Kan. 452, the court say, "Giving the right to use a deposition under the contingencies named gives the right to prepare for those contingencies."  To the same purport, see In re Merkle, 40 Kan. 27–30, 19 Pac. 401.  From these cases the rule may be deduced that a party may proceed to take the depositions of his adversary or other witnesses as soon as his action is pending, so it is done, in good faith, in anticipation of the contingency which will make it competent, and with a bona fide intent to preserve the testimony to be used at the trial, but not for the mere purpose of fishing for information, or to compel his adversary to disclose what he will testify to on the trial.  Applying this rule to the case at bar, it does not sustain the broad claim of plaintiff's counsel.  It is true there is an intimation that defendant intends, some time in the future, to change his residence, and leave the state, but plaintiff does not put his case on that ground.  As well as can be gathered from the whole proceeding, the real purpose is to compel the defendant to disclose the facts connected with the dis-

position of his property, to assist the plaintiff to sustain his attachment, and not for the purpose of using the testimony on the trial of the cause. There is no motion pending to discharge the attachment, nor any showing of the existence of any of the grounds for taking depositions under the acts of congress, nor any bona fide expectation of using the deposition on the trial of the case. Hence, the defendant cannot be compelled to submit to an examination under oath, and the rule for him to show cause must be discharged, and it is so ordered.