## NATIONAL CASH–REGISTER CO. v. LELAND et al. (four cases).

### SAME v. WRIGHT et al.

#### (Circuit Court, D. Massachusetts. November 24, 1896.)

##### Nos. 473, 474, 475, and 476.

PRACTICE—DEPOSITIONS AND INTERROGATORIES—STATE STATUTES.

The act of March 9, 1892 (2 Supp. Rev. St. p. 4,) providing that, "in addition to the mode of taking depositions of witnesses in causes pending at law or in equity" in the federal courts, "it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held," merely provided an additional mode of taking depositions and obtaining answers on interrogatories in the cases already authorized, and did not confer additional rights to obtain proofs by interrogatories addressed to the adverse party in actions at law under the provisions of state statutes.

These were four actions at law, brought by the National Cash-Register Company; the first three being against Arthur S. Leland and others, and the fourth against James H. Wright and others. The case was heard upon a motion by plaintiff for default because of the failure of the defendants to answer certain interrogatories filed in accordance with the state statute. The right to proceed under the state statute was claimed under the act of congress of March 9, 1892, which reads as follows:

"Chapter 14. An act to provide an additional mode of taking depositions of witnesses in causes pending in the courts of the United States. Be it enacted by the senate and house of representatives of the United States of America in congress assembled, that in addition to the mode of taking the depositions of witnesses in causes pending at law or equity in the district and circuit courts of the United States, it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held."

Russell & Russell, for plaintiff.
Fish, Richardson & Storrow, for defendants.

ALDRICH, District Judge. We will assume, for the purposes of these cases, that the statutory patent action on the case for damages for infringement of patent rights, under section 4919 of the Revised Statutes, is to be treated as the common-law action of case; and the question presented arises upon the plaintiff's motion for default, grounded upon the defendants' failure to answer interrogatories, filed by the plaintiff against the defendants in accordance with the provisions of section 49 of the practice act of Massachusetts. It is provided by section 861 of the Revised Statutes of the United States that "the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided"; and it is conceded in the case at bar that adverse parties living within 100 miles of the place of trial, not bound on a voyage to sea, or about to go out of the United States, or out of the district, and to a greater distance than 100 miles from the place of trial, and who are neither ancient nor infirm, are not witnesses within the provisos following section 861 of the Revised Statutes, and that the matter sought by the interrogatories would not be testimony within the meaning of section 861. Ex parte Fisk, 113 U. S.

713, 5 Sup. Ct. 724. The plaintiff, however, claims that the mode of proof in trials at law in the federal courts was enlarged by the act of congress of March 9, 1892 (2 Supp. Rev. St. p. 4), and that depositions may now be taken and become proofs in the federal courts, and that interrogatories may be filed, to be answered on oath by the adverse party, and become proofs in accordance with the provisions of the practice act governing the practice in the state courts of Massachusetts. In our view, the statute of 1892 does not enlarge the instances in which depositions may be taken or in which answers may be obtained upon interrogatories for use as proofs in the federal courts. It was only intended to simplify the practice of taking depositions by providing that the mode of taking in instances authorized by the federal laws might conform to the mode prescribed by the laws of the state in which federal courts were held. The title of the act, and the language employed in the act itself as well, clearly indicate that nothing further was intended. It is to be presumed that if congress had intended to radically change the mode of proof, and to authorize the taking of depositions in instances not theretofore authorized by the federal statutes, and to confer additional rights to obtain proofs by interrogatories addressed to the adverse party in actions at law, including "discovery of facts and documents material to the defense or support of the suit" in advance of the trial, as is provided by the Massachusetts practice act in question, it would have done so in apt and unmistakable language. Shellabarger v. Oliver, 64 Fed. 306, would seem to be a case closely in point, and the reasoning of Mr. Justice Gray in Railway Co. v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1000, upon an analogous question, sustains the view which we take of the statute under consideration. See, also, Sherry v. Navigation Co., 72 Fed. 565; U. S. v. Lead Co., 75 Fed. 94. As regards the applicability and force of the laws and statutes of the states in federal procedure, it would seem that a distinction fairly and reasonably exists between cases like Campbell v. City of Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, based on section 721 of the Revised Statutes, as to the binding force of the laws of the states as rules of decision in respect to rights and remedies, and the other class, like Nudd v. Burrows, 91 U. S. 426, Railroad Co. v. Horst, 93 U. S. 291, and Phelps v. Oakes, 117 U. S. 236, 6 Sup. Ct. 714, arising under section 914 of the Revised Statutes, respecting pleadings and forms and modes of proceeding. The plaintiff's motion for default in each case is denied, and the defendants' motion to strike interrogatories from the files in each case is granted.