## DESPEAUX et al. v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. May 19, 1897.)

DEPOSITIONS—PRACTICE.

The act of March 9, 1892 (27 Stat. 7), entitled "An act to provide an additional mode of taking depositions of witnesses in causes pending in the courts of the United States," which provides that in taking such depositions the usage of the state in which the cause is pending may be followed, does not extend the right to examine parties to the cause in advance of trial. It only affects the mode of making the examination. Shellabarger v. Oliver, 64 Fed. 306, and Register Co. v. Leland, 77 Fed. 242, followed.

Motion on behalf of plaintiffs for an order on A. J. Cassatt to testify, under a pending eight-day rule, touching an agreement between the Pennsylvania Railroad Company and the National Transit Company, dated August 22, 1884.

These were suits to recover the amount of alleged excessive charges collected upon oil transported by defendant for plaintiffs between July, 1881, and January, 1890, and also to recover treble damages for the collection of such excessive charges, under the provisions of the act of assembly of Pennsylvania approved June 4, 1883 (P. L. p. 72). Mr. A. J. Cassatt had been a director of the defendant since 1883. Before that time he had been one of its executive officers. A jury had been sworn in the cause, and some testimony, including that of Mr. Cassatt, who was called for cross-examination by the plaintiffs, had been taken, when, by agreement of the parties, a juror was withdrawn. He was recalled for examination in advance of trial, under a rule which is set out at large in the opinion. Under advice of counsel, he declined to answer as to the agreement referred to in the motion. The cases cited upon plaintiffs' brief on motion for reargument, which are referred to in the opinion, are Shellabarger v. Oliver, 64 Fed. 306, and Register Co. v. Leland, 77 Fed. 242.

Jas. W. M. Newlin, for plaintiffs.
David W. Sellers, for defendant.

DALLAS, Circuit Judge. The plaintiffs have moved "for an order on A. J. Cassatt, requiring him to testify, under the eight-day rule pending herein," touching a certain agreement. The eight-day rule referred to was entered under clause 3 of rule 10 of the rules at law

of this court, which were adopted in or about the year 1882. That clause is as follows:

"A rule may be entered by either party to take the depositions of witnesses, without regard to the circumstance of their being ancient, infirm, or going witnesses, stipulating, however, eight days' notice to the adverse party; subject, nevertheless, in all other respects, to existing rules and regulations."

This provision was included, as I am informed, in a body of rules which the bar, or a committee thereof, submitted to the court, and which was therefore promulgated, about 18 years ago. This clause seems to have been derived from a rule of the courts of the state of Pennsylvania, in which, no doubt, it may be properly enforced; but its validity as prescribing a mode of procedure for this tribunal is attacked, both on behalf of the witness and of the defendant, upon the ground that it is in conflict with section 861 of the Revised Statutes. It is not desirable that I should pass upon this broad question on this application. It is enough for the present purpose that I should say that it is not pretended, in this instance, that any fact exists to bring the proposed examination within any of the specified exceptions to the section which has been referred to; and which is in these words: "The mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided." In my opinion, the very question now presented was decided in Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, and in such manner as to preclude the granting of the order now asked for. I cannot agree that "the question is one of personal privilege of A. J. Cassatt." It is a question of the court's authority. The statute having prescribed "the mode of proof," neither as respects the witness nor a party can a different mode be substituted.

Nor can I sustain the plaintiffs' contention that "the defendant is estopped." It is not necessary to determine the dispute as to which side introduced the agreement about which it is proposed to examine this witness. The plaintiffs' right to examine him, at the proper time and place, upon that or any other subject, is not now for decision; but that the court has no power to subject him to the particular examination proposed, or to any other, by the method now insisted upon, I have no doubt.

The motion for an order requiring A. J. Cassatt to testify is denied.

## On Motion for Rehearing.

DALLAS, Circuit Judge. The two cases referred to in the properly candid brief submitted by plaintiffs' counsel upon his motion for reargument of his motion for an order requiring Mr. Cassatt to testify are both squarely against the granting of the original motion. I follow the decisions in those cases with entire satisfaction. I think it would be unfortunate if the act of March 9, 1892, had been differently construed. Where, as in this instance, no good reason appears for taking the testimony of a witness by deposition and in advance of the trial, instead of in open court, the latter, which is the usual and regular course, is much to be preferred. The motion for reargument is denied.