CASPARY v. CARTER et al.

(Circuit Court, D. Massachusetts. December 14, 1897.)

No. 551.

1. DISCOVERY—ORDER FOR PRODUCTION OF BOOKS—SHOWING UNDER STATUTE.
     A plaintiff in an action at law is not entitled, under Rev. St. § 724, to an order for the production by the defendant before trial of private books of account for the plaintiff's inspection on an affidavit merely stating that affiant "believes" such books will tend to prove the issues in the mover's favor, without stating any grounds for such belief.

2. SAME—PRACTICE.
     Query as to the proper practice under Rev. St. § 724.

Brandeis, Dunbar & Nutter, for plaintiff.
Fowler & Prentiss, for defendants.

PUTNAM, Circuit Judge. This is a motion, based on section 724 of the Revised Statutes, for production in a common-law suit. It prays as follows:

"Now, the plaintiff moves that the defendants be ordered to produce forthwith, before a day certain, for the inspection of the plaintiff and his attorneys, and to allow the plaintiff and his attorneys to inspect, each and all of

the books and documents hereinafter mentioned, and that the defendants, upon failure to comply with said order, suffer judgment by default, viz.: All the books of the concern formerly doing business under the name and style of C. N. Carter; all the books of the defendant Charles N. Carter, kept as guardian of the defendant William W. Carter; all the books and documents in the possession or control of the defendants, or any of them, containing any entries relative to the formation of a limited partnership between the defendants Charles N. Carter and William W. Carter; all books and documents in the possession or control of the defendants, or any of them, containing any entries relative to the contributions of the defendant William W. Carter to the capital of the alleged limited partnership of C. N. Carter; all books and documents in the possession and control of the defendants, or any of them, containing any entries relative to the disposition made, either immediate or ultimate, of any contributions of the defendant William W. Carter to the capital of the alleged limited partnership of C. N. Carter; the ledger of C. N. Carter for the year 1892; the daybook of C. N. Carter for the year 1892; the journal of C. N. Carter for the year 1892; the cashbook of C. N. Carter for the year 1892; the checkbooks of C. N. Carter for the year 1892; the bank passbooks of C. N. Carter for the year 1892."

The suit seeks to charge one of the defendants as a general partner in an alleged special partnership. It has been the view of the court that it rests on that defendant to prove that he complied with the statute provisions relating to such partnerships, and the parties have so stipulated. Therefore what the plaintiff now asks for concerns more particularly, if not wholly, the defense.

At a prior stage of the litigation, an application was made to direct the defendant in question to answer certain interrogatories, filed under the Massachusetts statutes; and thereupon we directed that some of them be answered, though, so far as this court is concerned, the law must now be regarded as settled otherwise by the formal decision of Judge Aldrich in Cash-Register Co. v. Leland, 77 Fed. 242. We refused like directions as to other interrogatories, because they involved the production of books. This did not mean that such interrogatories may secure the production of books which cannot be reached under section 724, but that, for the federal courts, that section covers the whole subject-matter in suits at common law, except so far as a subpœna duces tecum may be effective. The only substantial allegations as to the materiality of the books whose production is asked is that they "will tend to prove the issue in this action in the mover's favor," and "will tend to prove that the defendant in question did not make a bona fide contribution to the capital of the firm." In other words, the plaintiff does not seek discovery of facts, but of matters of evidence which it is supposed will have more or less tendency to establish facts. The extent to which the affidavit accompanying the plaintiff's application goes is that the affiant "believes" the books called for will tend to prove as stated. No basis for the belief is given. The result is that, if the statute requires that this application be granted, it will always require that, on a mere affidavit of belief, each party to a suit at law may compel from the other party a general production of numerous books and papers in his possession, to enable the moving party to make the attempt to sift out of them circumstances, of more or less importance, tending to support his position as to the issues in the action. We would thus have a result fundamentally inconsistent with all hitherto

84 F.—27

known rules, whether at law or in equity,—a power given to the adverse party, or to the court, to expose, and search through, a mass of private transactions with the mere hope of finding therein something relevant to the cause in issue.    It is impossible for us to credit that the law is so sweeping as this, and no authority is produced to show that it is.    An affidavit of so general a character fails to sufficiently raise the presumption of materiality required under this statute in Iasigi v. Brown, 1 Curt. 401, Fed. Cas. No. 6,993, and in Merchants' Nat. Bank v. State Nat. Bank, 3 Cliff. 201, Fed. Cas. No. 9,448.    In harmony with certain expressions in those cases, a general practice has grown up by which, on a prima facie showing on a summary petition, the court orders production under the statute now in question.    This practice, so far as we are informed, has not yet received the sanction of the supreme court.    The statute contains an express limitation, in its reference to the "ordinary rules of proceeding in chancery"; and, by those rules, no production can be ordered except of books or documents which the respondent admits contain matter relevant to the issues in the cause.    All the summary proceedings under the English judicature statutes, relating to production, sedulously preserve to the party moved against the same protection, with a few special exceptions not affecting the principle involved.    However this may be under section 724 of the Revised Statutes, we cannot hold that all the bars are thrown down by it, as would be done by granting the present motion, or that the court can properly order production unless it can perceive, at least prima facie and with some degree of certainty and particularity, what is to be exposed to search, and the extent of its materiality.

This general proposition relieves us from scrutinizing carefully certain particular features of the plaintiff's motion; yet, that we may not be misunderstood, it may be prudent to refer to them.    The practice under this statute seems very unsettled, even to the extent that the decisions in this circuit are not consistent.    We are not required, under the circumstances, to determine whether production can be compelled before trial; but Mr. Justice Curtis and Mr. Justice Clifford apparently differed on this point, as shown by the cases cited.    Apparently the books in issue here could be reached by subpœna duces tecum, and Mr. Justice Clifford in Merchants' Nat. Bank v. State Nat. Bank, ubi supra, at page 204, ruled that in such cases the court might not apply the special statute remedy.    The same has been held in other circuits, but a careful review of the topic would seem to sustain the view of Judge Townsend in Kirkpatrick v. Manufacturing Co., 61 Fed. 46, that such considerations ought not to deprive litigants of the more efficient remedy given by the statute in question.    It has nowhere been held that the statute disregards the settled rule of discovery which ordinarily limits it to matters material to the case of the party asking it.    Smith v. Duke of Beaufort, 1 Hare, 507, 520; Wig. Ev. par. 224 et seq.; Daniell, Ch. Prac. *579. We need not, however, consider the precise limits of this rule, nor whether it is applicable to the peculiar circumstances of this case, as we place our decision on the broader reasons which we have already stated.    Plaintiff's motion, filed September 2, 1897, is denied.