ZYCH et al. v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court, E. D. Missouri, E. D. February 13, 1904.)

No. 4,920.

1. ACTIONS—REMOVAL TO FEDERAL COURT—WITNESSES—EXAMINATION BEFORE TRIAL—OBJECTIONS—WAIVER.

Suit was brought against defendant in the state courts of Missouri, and notice was given of the taking of the depositions of certain witnesses before trial, and subpœnas for such witnesses were duly issued and served. Defendant then removed the case to the federal court, and after removal applied for the appointment of a special commissioner before whom such witnesses might be examined, as authorized by Rev. St. Mo. 1899, § 2883. The federal court made such appointment under Act Cong. March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], making it lawful to take depositions for use in the federal court in the mode prescribed by the laws of the state. *Held*, that defendant, having itself applied for the appointment of the commissioner, waived its right to object that inasmuch as the witnesses intended to remain in St. Louis, and were not aged or in poor health, conditions prescribed by Rev. St. U. S. §§ 861, 863, 866 [U. S. Comp. St. 1901, pp. 661, 663], as conditions precedent to the taking of proof to be used in the federal courts in advance of the trial, did not obtain, and that the witnesses were not therefore required to appear and testify before the commissioner.

2. SAME.

Defendant, having consented that the removal of the cause to the federal court should not interrupt the taking of the depositions then in progress, was limited to its right to object to the testimony when introduced on the trial, on the ground that inasmuch as the witnesses were not under disability, or had not gone out of the United States, or a greater distance than 100 miles from the place of trial, as prescribed by sections 861, 863, 865, Rev. St. U. S. [U. S. Comp. St. 1901, pp. 661, 663], their depositions were inadmissible.

3. SAME—SPECIAL COMMISSIONER—ATTENDANCE OF WITNESSES—ENFORCEMENT —ATTACHMENT—POWERS.

Where, prior to the removal of a cause to the federal court, notice of the taking of depositions of witnesses before trial, as authorized by Rev. St. Mo. 1899, § 2883, was given, and after removal a special commissioner was appointed by the federal court to take such testimony, as authorized by Act Cong. March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], the commissioner was authorized to enforce the attendance of the witnesses by attachment under the authority conferred by the state statute.

4. SAME—DEDIMUS POTESTATEM.

An application for a dedimus potestatem to take testimony before trial alleged that the action was to recover damages for the negligent death of plaintiffs' father, and that plaintiffs were nonresidents and minors; that the negligence alleged consisted in defendant's failure to instruct deceased regarding the dangers of his employment, he being ignorant and illiterate, etc.; that the only persons who could give information as to decedent's death, and the rules and regulations under which decedent's business was conducted at the time, were persons in defendant's employ, and that the truth of the allegations of plaintiffs' complaint must necessarily be established by the testimony of defendant's servants; that defendant has

refused to permit plaintiffs' representative to enter its works and examine the place of the accident, and that at the inquest over deceased's remains five eyewitnesses testified, two of whom, since the accident, had left the state; that plaintiffs are unable to ascertain their whereabouts or that of another of such eyewitnesses; and that plaintiffs verily believe there is danger of losing the testimony of other important witnesses through death, disease, or accident. *Held*, that such allegations were sufficient to entitle plaintiffs to the relief demanded under Rev. St. U. S. § 866 [U. S. Comp. St. 1901, p. 663], authorizing the taking of depositions of witnesses in order to prevent a failure or delay of justice.

5. SAME—STATUTES—CONSTRUCTION.

Rev. St. U. S. § 861 [U. S. Comp. St. 1901, p. 661], declares that the mode of proof in the trial of actions at law shall be by oral testimony and examination of witnesses in open court, excepting as thereafter provided, and sections 863, 866 [U. S. Comp. St. 1901, pp. 661, 663], declare that unless a witness lives at a greater distance from the place of trial than 100 miles, or is bound on a voyage at sea, is about to go out of the United States, or is old and infirm, his deposition cannot be taken unless necessary to prevent a failure or delay of justice. *Held*, that Act Cong. March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], making it lawful to take depositions for use in the federal courts "in the mode prescribed by the laws of the state," relates merely to the "mode of taking testimony," and does not authorize the use of depositions of witnesses taken before trial, in the federal court, except on a showing of the circumstances prescribed by sections 863, 866.

Hugo Grimm, for plaintiff.
Seddon & Holland, for defendant.

THAYER, Circuit Judge. Two questions of some importance have been presented for decision in this case, the first being whether a special commissioner who has already been appointed to take the examination of certain witnesses may compel their appearance before him by attachment; and the second is whether the court, on the showing made, should grant a dedimus potestatem to take the deposition of certain other witnesses, under section 866 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 663].

The facts relative to the decision of the first question are these: The case was instituted in the circuit court for the city of St. Louis, Mo., and while there pending a notice was given by the plaintiffs' attorney, pursuant to the laws of the state, to take the depositions of certain witnesses, and subpœnas for the witnesses were duly issued and served. The defendant company thereupon caused the case to be removed to this court on the ground that the plaintiffs were aliens and the defendant a New Jersey corporation. After the removal of the case to this court, the defendant applied to this court for the appointment of a special commissioner before whom the witnesses who had been subpœnaed to testify might be examined, pursuant to the provisions of section 2883 of the Revised Statutes of Missouri for 1899. Such appointment was made at the instance of the defendant, the court being of opinion that the act of Congress of March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], making it lawful to take

5. Conformity of practice in common-law actions to that in state courts, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.

depositions for use in the federal courts "in the mode prescribed by the laws of the state," applied to the case, and rendered it lawful to appoint a special commissioner to take the examination in lieu of the notary originally designated for that purpose. On the day appointed for the examination the witnesses did not appear, but the defendant's attorney presented their affidavits to the effect that each was a resident of St. Louis and expected so to continue, and that each was of middle age and in excellent health. On presenting these affidavits the defendant's attorney appears to have contended that the witnesses should not be required to appear and testify because it had not been shown that the conditions existed which, under federal laws (vide sections 861, 863, 866, Rev. St. U. S. [U. S. Comp. St. 1901, pp. 661, 663]), authorize the taking of proof in advance of a trial. The special commissioner, as it seems, overruled this contention, but further decided that he had no authority to issue an attachment for the witnesses, and he accordingly certified his proceedings into this court, presumptively for further directions.

The court is of opinion that while there may be some merit in the defendant's contention that such conditions did not exist or were not shown as warranted the taking of depositions under federal laws, yet that such objection was effectually waived by the action of the defendant in procuring the appointment of a special commissioner. Notwithstanding the various provisions of the federal statutes on the subject of taking depositions, it is always competent for parties litigant to waive the benefit of the same, precisely as they may waive objections to incompetent testimony and the benefit of all rules of evidence that are intended for their protection. It is always competent for a litigant to waive such objections to a deposition as the law enables him to make, and such objections to the competency of evidence as he might properly urge. Therefore, when the defendant procured the appointment of a special commissioner to take the examination of witnesses who had already been summoned, it consented that the examination might proceed before the commissioner, and waived all objections to such proceeding. The law will not permit a litigant to obtain the appointment of an officer to take the examination of certain witnesses, and, when they are produced, deny the right of the officer to proceed with the examination.

It is unnecessary, in this instance, to decide whether the removal of a case from the state to the federal court interrupts the further taking of depositions that are in progress or the taking of depositions that have been noticed but not begun, for in this instance the defendant consented that the removal should not have that effect, and it is bound by such consent. It is now limited to its right to object to the testimony that may be elicited before the commissioner on the trial of the case, for the reasons mentioned in sections 863, 865 [U. S. Comp. St. 1901, pp. 661, 663]; that is to say, because the witnesses are not dead or gone out of the United States, or to a greater distance than 100 miles from the place where the court is sitting, or that they are not laboring under the disabilities of age, sickness, bodily infirmity, or imprisonment which prevent their personal appearance.

Relative to the authority of a special commissioner to enforce the

attendance of witnesses, who have already been subpœnaed, by attachment, this may be said: Section 2883 of the Revised Statutes of Missouri for 1899 provides that "in case such witness shall not attend in obedience thereto [that is, in obedience to a subpœna duly served] such special commissioner shall be authorized to compel the attendance of such witness by attachment as if such subpœna had been issued by such special commissioner under the authority conferred by this section." The parties are now proceeding to take testimony in the mode prescribed by that section, as the act of Congress of March 9, 1892, supra, provides may be done. The defendant has procured the appointment of a special commissioner under that section, and although the appointment emanates from a federal court, yet, as it was made under the sanction of an act of Congress, no reason is perceived why he may not exercise the powers that are conferred on a special commissioner by that section to compel the attendance of witnesses.

The application for a dedimus potestatem to take the testimony of other witnesses than those already subpœnaed to appear before the special master is based on the following grounds: That the action is one to recover damages for negligently causing the death of the plaintiffs' father; that the plaintiffs are minors and are nonresidents of the state of Missouri; that the grounds of such negligence, charged in the complaint, consist of a failure to instruct the deceased regarding the dangers of his employment, he being an ignorant and illiterate man, and regarding the signals which might be given to warn him of danger, and in a failure on the part of the defendant to adopt proper rules and regulations for the safe conduct of its business, which is said to have been very complex; that the only persons who can give information as to the death of their father and the rules and regulations in pursuance of which the defendant's business was conducted at the time of his death are persons who are in the employ of the defendant; that while the plaintiffs are satisfied of the truth of the matters alleged in their complaint, yet that it will be necessary to establish them by the testimony of the defendant's servants, and that it is only by such testimony that they can show who hired the deceased, and the instructions given him at the time he was hired and subsequently, and the rules promulgated for the government of the defendant's business; that the defendant has refused to permit a representative of the plaintiffs to enter its works and examine the place of the accident; that at the inquest over the remains of the deceased five eyewitnesses to the accident testified, two of whom, since the accident, have left the state, and whose whereabouts cannot now be ascertained; that another of these eyewitnesses cannot now be found; and that the plaintiffs verily believe there is danger of losing the testimony of other important witnesses through death, disease, or accident. These statements are duly verified by the oath of the applicant, and the prayer for a dedimus is founded thereon.

In the case of Ex parte Fisk, 113 U. S. 713, 722, 5 Sup. Ct. 724, 28 L. Ed. 1117, it was held, in substance, that inasmuch as section 861 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 661] declares that "the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses

in open court except as hereinafter provided," testimony cannot be taken by deposition for use in the federal courts except under the circumstances enumerated in sections 863 and 866; that is to say, unless the witness lives at a greater distance from the place of trial than 100 miles, or is bound on a voyage to sea, or is about to go out of the United States or out of the district, and to a greater distance than 100 miles from the place of trial, before the time of trial, or is ancient and infirm, or unless, as specified in section 866, it is necessary to take the deposition of a witness or witnesses "in order to prevent a failure or delay of justice." It was also said in Ex parte Fisk that it is not according to "common usage" to call a party in in advance of a trial at law, and subject him to an examination to ascertain facts which the opposite party calling him may or may not use at the trial, as suits his purpose. But in that instance the court was dealing with a case where the plaintiff in the suit had procured an order from the state court, prior to the removal of the cause, for the examination of the defendant in advance of the trial, and what was said cannot fairly be construed to mean that in no event can a person who is simply a witness, and not a party to the suit, be summoned and compelled to testify in advance of the trial. Section 866 declares that "in any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage." The right to a dedimus exists, as it seems, under this statute, when there is a well-grounded apprehension of a failure or delay of justice. In many cases which might be supposed it might be found necessary, after a suit is brought, to obtain the testimony of a witness in advance of the trial to prevent a failure or delay of justice, and no good reason occurs to the mind of the court why a dedimus should not be granted when to refuse it would lead to a denial of justice or to unreasonable delay in obtaining it. The usual objection that is made to granting a dedimus for the taking of testimony in advance of the trial is that parties are often disposed to abuse the privilege by inquiring needlessly into the private affairs of others, and taking reams of testimony having no relation to the pending suit for some ulterior purpose. This practice, as a matter of course, should be discouraged by every means within the control of the court. A court is not bound to award a dedimus simply because it is asked for or on account of every shallow pretense that may be advanced. It should take pains to inquire into the good faith of the application and the grounds upon which the application is based, and never hesitate to refuse a dedimus unless it is satisfied that the trial will be unduly delayed or that there may be a failure of justice if the application is not granted. In the case in hand, on the showing made, the court has no reason to doubt that the application for a dedimus is made in good faith for the purpose of obtaining needed testimony which is strictly relevant to the issues in the case; that a well-grounded apprehension does exist, in view of the fact that certain important witnesses cannot now be found, that other witnesses now within reach may not be at hand when the day of trial arrives, and that in consequence the litigation may be unduly prolonged and justice delayed. For these reasons a dedimus will be awarded.

In conclusion, it will not be out of place to observe, because the question has been to some extent discussed, that the law as declared in Ex parte Fisk has not been altered by the act of Congress of March 9, 1892, supra, which was approved subsequent to that decision. This latter question has been considered since the passage of the act of March 9, 1892, and there seems to be a general consensus of judicial opinion that the act relates merely to the mode of taking testimony, adopting, in that respect, the provisions of the laws of the various states relative to the method of taking depositions, without altering the conditions prescribed by sections 863 and 866 of the Revised Statutes of the United States, under which depositions for use in the federal courts may be taken. National Cash-Register Co. v. Leland, 37 C. C. A. 372, 94 Fed. 502; Texas & Pacific Ry. Co. v. Wilder, 35 C. C. A. 105, 92 Fed. 953; Shellabarger v. Oliver (C. C.) 64 Fed. 306; National Cash-Register Co. v. Leland (C. C.) 77 Fed. 242; Despeaux v. Pennsylvania R. Co. (C. C.) 81 Fed. 897.