# NORWICH UNION FIRE INSURANCE SOCIETY, Interpleader,

*v.*

# EMILIO GOMEZ ET AL.

---

COMPELLING PARTY OR WITNESS TO PRODUCE BOOKS, PAPERS, ETC., AS EVIDENCE.

1. Where it is sought to compel production of papers, books, etc., they should be specified with all certainty practicable; but considerable latitude should be allowed.
2. Although not a party to the suit, a person is not immune from being compelled to produce documents if they throw any light on the litigation.
3. It must appear, however, that the books asked to be produced will in all probability be material evidence and germane to the issue. Sufficient must appear to raise a presumption of their materialty; and a mere suspicion that they may contain material evidence is not enough. If the motion to produce be a mere fishing expedition, it will be denied.

April 5, 1904.

---

*Messrs. Dexter & Hord, H. F. Hord, Pettingill, Horton & Cornwell,* Attorneys.

HOLT, Judge, delivered the following opinion:

This is a motion for a contempt order against a witness for failing to produce books, papers, etc., of Fernandez & Company, covering a period of the past fifteen years. It was made

before the special master, and the question has been referred to the court. Counsel have been heard. José Antonio Fernandez is seeking to subject the fund in contest to the payment of a mortgage debt held by him individually against Emilio Gomez. Question is made as to the validity of it by other creditors of Gomez.

It appears that the partnership of Fernandez & Company was formed in 1890, José Antonio Fernandez being one of the active partners, and lasted four years. Then the members changed, Damian Fernandez and the witness, F. Crestar, becoming the active partners, and there being two special partners, of whom José Antonio Fernandez was one. This lasted until January 19th, 1899, when there was another change, the general partners remaining the same, but José A. Fernandez becoming the only special partner; and thus the firm remained until January, 1902. It appears that the witness, Crestar, or Fernandez & Company, of which he is a member, is in control of all the books, papers, etc., of the firm since its formation in 1890. He, acting under the advice of counsel, and disclaiming all intention of contempt in the matter, declines to produce them because Fernandez & Company are not parties to the suit, and the books, papers, etc., have no connection with the individual debt of Fernandez asserted in this suit. Other reasons are also given, which need not be discussed.

The motion to compel the production of the books, etc., is quite general. Where it is sought to compel the production of papers, they should be specified with all the certainty practicable under the circumstances. The applicant has not usually the means of knowledge, however, to describe them particularly, while the party upon whom the demand is made, if he has possession of them, can have no difficulty in determining what is required. Considerable latitude should, therefore, be allowed

Norwich Union F. Ins. Soc. v. Gomez.

in such a motion or order. Under the earlier common-law practice, a party to a suit could not be compelled to assist his adversary by producing evidence in the latter's favor. He had to resort to a bill in equity for discovery. The courts of the state of New York especially so held. This practice has, however, been modified; and even in actions at law a party may be required to produce books or writings in his possession or power, which are pertinent to the issue, and in cases in which it might be compelled in chancery proceedings. Rev. Stat. § 724 (U. S. Comp. Stat. 1901, p. 583).

Although the person, whether a party to the suit or not, may be inconvenienced by being compelled to produce them, this must give way to the necessity of a fair and full conduct of litigation. The person is not immune if their production will shed light upon the transaction under investigation. It is a matter for the sound discretion of the court; and their production should be ordered if there be reasonable ground to think that a refusal will defeat justice. In this case, however, there is no showing, either from averment in the pleadings or from any testimony, that the books, papers, etc., called for will shed any light upon the question at issue. It has not been asserted even in argument that they will do so. It is only claimed that this may be the case. All of the evidence thus far taken shows the debt, herein asserted, of José Antonio Fernandez, against Gomez, arose out of an individual transaction with which the firm of Fernandez & Company had no connection. It is not necessary, of course, that it should be shown absolutely that the books, papers, etc., the production of which is asked, are material; but there should, at least, be something showing that this is probably so. A mere suspicion upon the part of the applicant that they may show something, or furnish him a clue to guide him in the future management of the cause, is not

Norwich Union F. Ins. Soc. v. Gomez.

sufficient. Sufficient must appear to raise a presumption that they are material; and a mere belief upon his part that they will support his case will not do. If it would, then there could be undue inquisition into others' affairs. Some grounds or basis must be shown; and thus far there is nothing in this record even suggesting that they may be pertinent to the issue. Courts decline to order their production where it is merely a fishing expedition, or where the purpose is to, discover whether there is any evidence in them that will be useful to the applicant. 23 Am. & Eng. Enc. Law pp. 176–179; Caspary v. Carter, 84 Fed. 416; Victor G. Bloede Co. v. Joseph Bancroft & Sons, 98 Fed. 175.

The law is not so sweeping in its character. If it were, the parties or the court might be compelled to search through a mass of transactions, thus consuming much time, with the hope of finding something material. Upon the record as now presented the motion should be denied.