MAGONE v. COLORADO SMELTING & MINING CO. et al.

(Circuit Court, D. Montana. February 14, 1905.)

No. 2,226.

1. WITNESSES—DEPOSITIONS—DEDIMUS.

An affidavit that witnesses live more than 100 miles from the place of the trial of the action, without proof of a well-grounded apprehension of a failure or delay of justice, is insufficient for the issuance of a dedimus under Rev. St. § 866 [U. S. Comp. St. 1901, p. 663], providing that, in any case where it is necessary in order to prevent a failure or delay of justice, United States courts may grant a dedimus potestatem to take depositions according to common usage, etc.

2. SAME—STATUTES.

Act Cong. March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], providing that, in addition to the mode of taking depositions in the

federal courts, depositions may be taken in the mode prescribed by the laws of the state in which the courts are held, merely relates to the manner of taking depositions, and neither enlarges nor restricts the grounds for taking them prescribed by Rev. St. §§ 863, 866 [U. S. Comp. St. 1901, pp. 661, 663].

3. SAME.

Rev. St. § 863 [U. S. Comp. St. 1901, p. 661], authorizes the taking of testimony of any witness in a civil case pending in a federal district or circuit court by depositions de bene esse, when the witness lives a greater distance from the place of trial than 100 miles, etc.; and Act Cong. March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], provides that, in addition to the taking of depositions in a federal court, depositions may be taken as prescribed by the laws of the state in which such courts are held. *Held* that, where a party to a suit in the federal court applied to take a deposition on the ground that the witness resided more than 100 miles from the place of trial, he was not limited by the act of 1892 to the mode of taking the deposition orally before an authority named in the notice, but was entitled to take the deposition in the mode prescribed by the laws of the state in which the court was held.

4. SAME—NOTICE—ORAL EVIDENCE.

Equity rule 67, as amended by the rule adopted May 15, 1893, provides that either party may give notice that he desires the evidence to be adduced in the case to be taken orally, and thereupon all the witnesses to be examined shall be examined by one of the examiners of the court, or by an examiner to be specially appointed by the court, and that on due notice the court may, in its discretion, permit the whole or any specific part of the evidence to be adduced orally in open court on final hearing. *Held*, that where complainant gave notice that he desired the testimony to be adduced orally on final hearing, and the court thereupon ordered that the parties might adduce such portion of the testimony orally on the final hearing as they desired, such order was not in conflict with and did not prevent a subsequent order for the taking of testimony by depositions.

5. SAME—SPECIAL EXAMINERS OUTSIDE THE DISTRICT—APPOINTMENT.

The mere fact that it is generally advantageous to examine experts orally is not a sufficient reason to justify an order appointing a special examiner to take their testimony orally outside the district.

Order Overruling Objections to Complainant's Motion that Commissions Issue.

John A. Shelton, for complainant.

Forbis & Evans, for defendant Butte & Boston Consol. Min. Co.

Forbis & Evans, A. J. Shores, and C. F. Kelly, for defendant Parrot Silver & Copper Co.

A. J. Shores, C. F. Kelly, and Forbis & Evans, for defendants Anaconda Copper Min. Co. and Colorado Smelting & Mining Co.

Geo. F. Shelton and W. M. Bickford, for defendant Colusa Parrot Min. & S. Co.

J. J. McHatton, for defendant Montana Ore Purchasing Co.

HUNT, District Judge. In equity. On motion of the complainant for a commission to take the testimony of witnesses who live outside of the district of Montana.

If the complainant were seeking to procure a dedimus, as specified in section 866, Rev. St. U. S. [U. S. Comp. St. 1901, p. 663], it would be necessary that he make a showing of the necessity for taking such deposition to prevent the failure or delay of justice. I

believe it to be essential, in order for one to avail himself of the right to a dedimus under this statute, that there should be a well-grounded apprehension of a failure or delay of justice, and that it is the duty of the court to require a sufficient showing of good faith on the part of the applicant, and of the grounds upon which he bases his request; hence, if the complainant relied upon this section, a mere statement in the affidavit that the witnesses live more than 100 miles from the place of the trial of the action would be insufficient, and the dedimus should not be awarded. Zych v. American Car & Foundry Co. (C. C.) 127 Fed. 723.

But complainant is not asking a dedimus potestatem under section 866. He makes his application "to take the deposition by reason of the right so to do conferred by section 863, but according to the method prescribed by the state laws." The point to be determined, therefore, is not whether a dedimus potestatem may issue under section 866, Rev. St. U. S., but whether, upon a showing by affidavit that the witnesses whose testimony he would take live at a greater distance from the place of trial than 100 miles, a commission will issue to take their testimony by deposition in the mode prescribed by the laws of the state in which the court is held. I agree with the position of counsel for respondents that were it not for the act of March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], a deposition taken under section 863 [U. S. Comp. St. 1901, p. 661]—that is, a deposition de bene esse—should be one taken orally before an authority named in the order, and not one taken upon motion or under a dedimus potestatem, as provided for in section 866, Rev. St. U. S. [U. S. Comp. St. 1901, p. 663]. Foster's Federal Practice, vol. 1, p. 634. But by the act of March 9, 1892, it was provided that, in addition to the mode of taking depositions in the federal courts, depositions might be taken in the mode prescribed by the laws of the state in which the courts are held. It is undoubtedly correct that the statute of 1892 does not enlarge the instances in which depositions may be taken, or in which answers may be obtained upon interrogatories, for use as appearance in federal courts. The statute adopts the state practice as to the manner of taking depositions—in no way enlarging or restricting, however, the grounds for taking depositions as prescribed by the federal statutes (sections 863 and 866). It may be termed a statute of simplification of practice, or, as Judge Thayer expresses it, one "relating merely to the mode of taking testimony, adopting in that respect the provisions of the laws of the various states relative to the method of taking depositions, without altering the conditions prescribed by sections 863 and 866 of the Revised Statutes of the United States, in which depositions for use in the federal courts may be taken." Zych v. American Car & Foundry Co., supra; National Cash Register Co. v. Leland (C. C.) 77 Fed. 242; Shellabarger v. Oliver (C. C.) 64 Fed. 306.

Now, the instances in which a deposition may be had under section 863 are when the witness lives at a greater distance from the place of trial than 100 miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of the district in which

the cause is to be tried, and to a greater distance than 100 miles from the place of trial, or when he is ancient or infirm. As said, there could be no construction of the act of March 9, 1892, which in any respect alters the conditions prescribed by section 863; but if a complainant presents a case of an instance authorized by section 863, in which a deposition may be taken de bene esse, the act of 1892 does not limit him to the mode of taking the deposition orally before an authority named in the notice, but provides an additional mode, by pointing out whereby it shall be lawful to take the deposition of such witness in the mode prescribed by the laws of the state in which the court is held. I do not see how allowing the complainant to proceed in the mode prescribed by the statutes of the state of Montana to take his testimony can be said to enlarge an instance in which a deposition may be taken, or to embrace a clause not already included, provided complainant states as the reason for taking the deposition the existence of a condition included in section 863. In this matter he has brought himself within the provisions of section 863 by showing that the witnesses whose depositions he wishes to take live at a greater distance than 100 miles from the place of trial. McLennan v. Kansas City, J. & C. B. R. Co. (C. C.) 22 Fed. 198; Flint v. Crawford County, Fed. Cas. No. 4,871. My conclusion is, therefore, that, when the position of the complainant is stated, it is clear that he is not seeking a dedimus potestatem under section 866, but makes his application under section 863, and that therefore he has the right to avail himself of the mode of procuring the deposition granted by the act of March 9, 1892. Hanks Dental Association v. Tooth Crown Co., 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989.

The respondents suggest that complainant, having given notice that he desires the testimony in the case to be taken orally, should not be allowed to take a part of the testimony upon written interrogatories. Notice was given under equity rule 67, providing that either party may give notice to the other than he desires the evidence to be adduced in the case to be taken orally, and thereupon all the witnesses to be examined shall be examined by one of the examiners of the court, or by an examiner to be especially appointed by the court. As amended by the rule of May 15, 1893, it is required that, "upon due notice given as prescribed by previous order, the court may at its discretion permit the whole or any specific part of the evidence to be adduced orally in open court upon final hearing." Complainant did not give notice merely that he desired the evidence to be adduced orally, but his notice was that he desired the testimony to be adduced orally upon the final hearing, and thereupon the court made an order to the effect that the parties might adduce such portion of the testimony orally upon the final hearing as they desired. In view of this order of the court, the application for an order to take the depositions of the witnesses named does not conflict with the order previously made, and ought not to be construed to prevent the taking of depositions. I believe that it would be within the power of the court to direct that the

135 F.—54

testimony of the witnesses living more than 100 miles away should be taken before an examiner especially appointed, although the power of the Circuit Court to make such an order has, it appears, been questioned. But the appointment of special examiners beyond the district in which the court is held necessarily involves unusual and great expense, in requiring the attendance of counsel, payment of examiners' fees, and other costs incidental to such procedure. I have read that Judge Blatchford, of New York, invariably declined to grant any order appointing a special examiner outside of the district of New York if counsel objected; and I think that, in the present instance, it does not appear necessary or best to make such an order. It is true that it may be generally advantageous to examine experts orally, but that is not a sufficient reason to justify the court in making the unusual order.

The objections to the issuance of the commissions to take the testimony of L. H. Pammel, A. A. Bennett, and Samuel Avery are therefore overruled, and the petition of the complainant that commissions issue is granted.