## HAWKS v. YANCEY.

(District Court, N. D. Texas, Dallas Division.
November 8, 1924.)

No. 3488.

1. **Depositions ☞32—Showing held not sufficient to authorize issuance of dedimus potestatem to take testimony of defendant.**

Showing *held* not such as to authorize the granting of a dedimus potestatem, under Rev. St. § 866 (Comp. St. § 1477), to take the testimony of defendant before trial, on the ground that it was necessary to prevent a failure or delay of justice.

2. **Discovery ☞36—Party may not be examined generally before issue joined.**

A party may not be called in advance of trial, before answer is filed or is due, and subjected to examination to extract something that may or may not be used, as suits the purpose of the adverse party.

3. **Discovery ☞47—Deposition of party may be taken as other witness.**

A party to a suit may be required to answer interrogatories of his adversary in preparation for trial, where he comes within the provisions of Rev. St. § 863 (Comp. St. § 1472).

At Law. Action by Josephine V. Hawks against Dr. Robert S. Yancey. Application by plaintiff for dedimus potestatem to take deposition of defendant. Denied.

J. D. Kugle and Rasbury, Adams & Harrell, all of Dallas, Tex., for the motion.

Lawther & Pope, of Dallas, Tex., opposed.

ATWELL, District Judge. On the 2d day of October, A. D. 1924, this suit was filed. On October 25, 1924, the plaintiff filed a motion advising the court that her suit was for damages because of her seduction, and because the defendant had slandered and libelled her. She further alleges in the motion that the relations between herself and the defendant existed from 1917 until October 20, 1923; that during that time the defendant "by letters and telegrams endeared himself to her and deceived her"; that "said letters and telegrams are very material" to her cause of action"; that "she can establish such relation, improper relation, through the letters and telegrams which she has in her possession, written and mailed to her by the defendant"; that "if the letters should be destroyed, or their contents not known, there would be a failure of justice"; "that she and her attorneys have possession of said letters and telegrams"; "that said letters and telegrams should be made a part of the record in this cause, and if they are not so made there would be a failure of justice."

It is then alleged that the defendant has hired different persons, and offered different persons large sums of money to search the offices of her attorneys and to rifle their safe, for the purpose of discovering and stealing the letters and telegrams; that the defendant has hired different persons and offered them large sums to search her room and her trunk, for the purpose of discovering and stealing them; that the defendant has also offered to hire highwaymen and hijackers and sandbagmen to assault her attorneys upon the street, when they were thought to have the said letters; that, if said assaults had been made and the letters and telegrams secured, there would be a failure of justice; that the letters are in the handwriting of the defendant, and that without them she would be compelled to rely upon her own testimony; that the defendant resides in Dallas county, Tex., the county in which the suit is filed; and that none of the exceptions relating to the taking of testimony de bene esse exist.

The motion prayed that the court hear testimony bearing upon the allegations made therein, and that the defendant be cited to appear at such hearing. The court granted a show cause order. The defendant and his attorney appeared, and the plaintiff offered a number of witnesses. Such witnesses stated, in short, and in substance, that the defendant had evidenced his desire for the letters and telegrams mentioned; that he had importuned one or two detectives to use force and to make illegal and unlawful searches and seizures. The allegations of the motion were substantially proven.

The defendant took the stand and denied that he had sought to make any such arrangements with the detectives who had testified. The defendant filed no written answer to the motion, but his attorney advised the court orally that a similar suit had been filed by the plaintiff in the state court some time in the spring of 1924; that that case was still pending, and that efforts were being made to take the defendant's deposition in that case.

The testimony of the witnesses introduced before me covers the months of May and June, 1924. This testimony discloses a startling attitude on the part of the defendant, and a startling disregard of the right and of the law by those whom he had apparently seen fit to employ, and efforts that might amount to a punishable contempt, if they had been directed against a counsel, or against a litigant, in this court.

[1] Since the filing of the suit in this court there has been no such activity, so far as the court is able to discover. I am unable to appreciate, however, the argument of the plaintiff, though the attorneys have filed a

very learned brief, for the taking of the defendant's deposition.

Section 863 of the Revised Statutes (Comp. St. § 1472) provides:

"The testimony of any witness may be taken in any civil cause pending in a District or Circuit Court by deposition de bene esse, when the witness lives at a greater distance from the place of trial than one hundred miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of the district in which the case is to be tried, and to a greater distance than one hundred miles from the place of trial, before the time of trial, or when he is ancient and infirm."

The application, of course, does not come under this statute.

Section 866 (Comp. St. § 1477) provides: "In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage."

I do not believe that either the motion or the proof shows that there will be either a "failure or delay of justice" if the deposition of the defendant is not taken. What the plaintiff seeks is really a discovery. She really, for some reason, desires to commit the defendant with either an acknowledgment or a repudiation of the letters and telegrams which she holds, and which she claims were written and sent by him. The letters and telegrams may be safely guarded in a deposit vault; she may take her own deposition and identify the letters and telegrams, and attach them to her own deposition, and have them returned into court for safe-keeping. She may take depositions of others who are familiar with the defendant's handwriting, and in truth in many ways preserve the letters and telegrams.

[2] A party may not be called in advance of the trial, before answer is filed, or is due, and be subjected to all the skill of opposing counsel to extract something that may or may not be used, as suits his purpose. Turner v. Shackman (C. C.) 27 F. 183; Shellabarger v. Oliver (C. C.) 64 F. 306. I find no difficulty in holding that there will be neither a failure nor a delay of justice by refusing to order the defendant to subject himself to the examination desired. I do not mean to limit the power that the statute under discussion vests in the court. When there are witnesses under the control of the defend-

ant, or in the employ of the defendant, access to whom the defendant denies, or when such witnesses may be disappearing, the application will be granted. Zych et al. v. American Car & Foundry Co. (C. C.) 127 F. 723.

[3] Even a party to the suit may be required to answer his adversary's interrogatories, in preparation for trial, provided he comes within the exceptions of section 863. Blood v. Morrin (C. C.) 140 F. 918; Hartman v. Feenaughty (C. C.) 139 F. 887. In fact, this has been true since 1865, when parties to suits were made competent witnesses in the courts of the United States by the Congress. But to award a dedimus simply because it is asked for, on the ground that the testimony of the defendant would corroborate the testimony of the plaintiff, who seeks the dedimus, would be to grant it on a very shallow pretense, and not because of the grave reason set forth in the statute.

Other cases which throw some light, but no determinating illumination, upon the question before the court, are, Hanks Dental Association v. International Tooth Crown Co., 194 U. S. 303, 24 S. Ct. 700, 48 L. Ed. 989; Ex parte Fisk, 113 U. S. 713, 5 S. Ct. 724, 28 L. Ed. 1117; Compania v. Ingraham (C. C.) 180 F. 516; Giles v. Paxson (C. C.) 36 F. 882; Magone v. Colorado Smelting & Mining Co. (C. C.) 135 F. 846; Rose on Federal Jurisdiction and Procedure (2d Ed.); National Cash Register v. Leland, 94 F. 502, 37 C. C. A. 372; U. S. v. Fifty Boxes of Lace (D. C.) 92 F. 601.

The Act of March 9, 1892 (Comp. St. § 1476), which provides: "In addition to the mode of taking the deposition of witnesses in cases pending at law or equity in the District and Circuit Courts of the United States, it shall be lawful to take the deposition or testimony of witnesses in the manner prescribed by the laws of the state in which the courts are held"—does not assist in the slightest, nor does it furnish any additional ground for, the taking of depositions. It merely points the way in which a deposition may be taken when the federal law makes it admissible at all to take the deposition. In other words, it does not extend the cases in which depositions may be allowed; it merely adds methods for taking them.

Because it does not appear to the court that the issuance of a dedimus is necessary to "prevent a failure" or "delay of justice," the motion is denied.