BEE v. The MINNIE. See Case No. 9,117.

BEEBE, (RUSSELL v.) See Case No. 12,-153.

---

## Case No. 1,220.

### Ex parte BEEBEES.

[2 Wall. Jr. 127.] [1]

Circuit Court, D. Pennsylvania. Nov. 3, 1851.

WRITS—PRACTICE — SUBPOENA RUNNING BEYOND THE DISTRICT — DISOBEDIENCE — ATTACHMENT DISCRETIONARY.

Although there is an act of congress [Act March 2, 1793; 1 Stat. 333, c. 22] which allows subpoenas ad testificandum to run from the circuit courts into districts not their own, yet where the witness who has been thus subpoenaed, shows no disposition to treat the process of the court with contempt, the issuing of an attachment is always matter of discretion with the court. And where it would be oppressive, or dangerous to the health of the witness, or where any strong reason of business or family exists against his compulsory absence from home, the court will not compel his attendance; but will either postpone the cause or have his deposition taken.

[Rule upon the Beebees to show cause why the Beebees should not be attached for contempt. Rule discharged.]

By an act of congress, [Act March 2, 1793; 1 Stat. 333, c. 22,] changing the rule of common practice, subpoenas for witnesses may run into districts, other than the one where the court is sitting, provided the witness does not live at a greater distance than 100 miles from the place of holding the court. And under this act the Beebees, residing at Ravenswood in New York, and out of this district, had been served in an equity suit pending at Philadelphia, in it, with a subpoena to appear before the master there and testify. The subpoena which was a duces tecum, required them to produce before the master, in Philadelphia, their letter-books, original letters, books, papers and vouchers, containing entries concerning gold dust, gold or other securities transmitted by the defendant, at San Francisco, since the 1st of January, 1851. Not appearing according to the requisition of the subpoena, Mr. C. Ingersoll now moved for an attachment to compel their attendance; but Mr. H. J. Williams, appearing as their counsel, and denying all contempt of the process of the court, the court refused the attachment, and ordered a rule on them to show cause why one should not issue. On

[1] [Reported by John William Wallace, Esq.]

the return of this rule, Mr. Williams read their affidavit as follows: That they "reside in Ravenswood, more than 100 miles from Philadelphia; are partners in the banking, bullion and exchange business; transacting a business averaging from eight to ten millions a month, and having in their employ thirteen clerks: that the nature of their business absolutely requires their personal attendance, and the presence of their books, and that the absence of either, for any length of time, might and probably would not only cause great injury and loss to themselves, but greatly jeopard the interests of their correspondents and the persons with whom they deal." With regard to the exact distance of Ravenswood, their residence, from Philadelphia, which they swore was "more than 100 miles," it appeared that the place is seven miles from the city of New York, and that the distance of New York from Philadelphia, though commonly spoken of as being 100 miles, and assumed by the post-office contracts as 95 miles, does, in fact, not exceed, by one of the two roads usually travelled, 87 miles, and by the other 90 miles from the courthouse in Philadelphia.

GRIER, Circuit Justice. The court must, of course, have regard to the actual distance by the usual routes, and not the imaginary rules assumed for the benefit of mail contractors. The residence of the witnesses is accordingly within and not over one hundred miles from the court-house in Philadelphia. We might, therefore, compel the attendance of the witnesses, if a sufficient cause were shown for the exercise of such a power.

We do not think it is the absolute right of the party to compel the personal attendance of witnesses in every civil case, and much less so in cases pending on the equity side of this court, where their testimony may be taken before a commissioner. Where the witness, who has been subpoenaed, shows no disposition to treat the process of the court with contempt, the issuing of an attachment is always a matter of discretion with the court. Where the witness is sick; where a member of his family is dangerously ill; where age or infirmity or any other reason which would render his compulsory absence from home dangerous to his health, or oppressive, the court will not compel his attendance, but will either postpone the cause, or order the deposition of the witness to be taken.

In the present case there is no physical disability alleged to excuse the attendance of the witness; but under the circumstances in evidence, we think it would be a great hardship, and would probably cause derangement and injury to the business of the witnesses. There is no reason why their testimony could not be as well taken in New York as in Philadelphia; before a commissioner there, as before a master here. In fact, it is but a question of convenience and

expense Must the witness be dragged from his counting-house to the great injury of his business, and compelled to transport himself and a cart load of books of accounts to Philadelphia for the mileage and daily pay allowed by law? Shall he shut up his bank, suspend his business, merely to save a little expense to the party who wants his evidence? If there was an absolute necessity for such a sacrifice on the part of the witness; if there would be a failure of justice, unless his attendance at this place were enforced, the court would be bound to issue this compulsory process. But where, as in the present case, it is but a question of convenience and expense between the party and the witness, we think that the witness may justly demur to an application, which is to transfer the burthen to his shoulders.

If it should turn out (which we have no right to anticipate) that the witnesses should refuse to make a full, fair and candid disclosure of all facts within their knowledge, and of which the master may judge proper to inquire, the court can and will, on proper proof thereof, compel the attendance of the witnesses, and enforce obedience to their orders. But at present we do not see a necessity for enforcing the attendance of the witnesses at this place, at so great a sacrifice of their private interests. Rule discharged.