## LOWREY v. KUSWORM.

(Circuit Court, N. D. Illinois. March 27, 1895.)

DEPOSITIONS DE BENE ESSE—RIGHT TO EXAMINE ADVERSARY.

Under Rev. St. § 863, authorizing the examination of witnesses de bene esse when they reside out of the district in which the cause is to be tried, and at a greater distance than 100 miles from the place of trial, and section 858, making parties to civil actions competent witnesses therein, in an action on promissory notes, defendant may examine plaintiff de bene esse, even before issue joined, where plaintiff resides out of the district and more than 100 miles from the place of trial. Ex parte Fisk, 5 Sup. Ct. 724, 113 U. S. 713, distinguished.

Action by William J. Lowrey against Mollie Kusworm on promissory notes. Plaintiff was examined de bene esse before issue joined, but refused to produce the notes on which the action was brought, on the ground that such examination was unauthorized. Defendant applied for an order to compel production of the notes.

Hamline, Scott & Lord, for Lowrey.
Moran, Kraus & Meyer and J. P. Langworthy, for Kusworm.

JENKINS, Circuit Judge. The plaintiff brought suit in the United States circuit court for the Southern district of Ohio to recover of the defendant upon certain promissory notes alleged to have been made by her. Before answer to the declaration, the defendant undertook to examine the plaintiff as a witness de bene esse at the city of Chicago, the residence of the plaintiff, under Rev. St. § 863, upon the ground that the plaintiff resided out of the district in which the cause is to be tried, and at a greater distance than 100 miles from the place of trial. The plaintiff appeared before the commissioner in obedience to the process, and submitted to examination, in the progress of which he was required by counsel for the defendant to produce the notes upon which the suit was brought, and which were under his control. This, under advice of counsel, he declined to do, and application is now made to compel the witness to comply with the demand.

It is objected that the proceeding is wholly unauthorized, and that there is no provision of law authorizing the examination of an opposite party, and especially before issue joined. The statute under which the proceeding is had authorizes the taking of the testimony of any witness in any civil cause, under the circumstances stated in the statute. This act was passed in 1789, and at a time when parties and persons interested in the event of a suit were disqualified as witnesses in the cause. In 1864 an act was passed, incorporated in the Revised Statutes as section 858, providing that in the courts of the United States no witnesses shall be excluded in any action on account of color, or in any civil action because he is a party to or interested in the issue tried, with certain exceptions in respect of actions by or against executors, administrators, or guardians. The question whether, under this statute, a party could be required to testify by the other party, received solution in the

case of Texas v. Chiles, 21 Wall. 488. In that case the court held that any doubt should be resolved in a liberal spirit, in order to obviate, as far as possible, the existing evil sought to be remedied by the act; and it was held that the purpose of the act in making parties competent was, except as to those named in the proviso, to put them upon a footing of equality with other witnesses, and to be admissible to testify for themselves and compellable to testify for the others. This decision was followed in Railroad Co. v. Pollard, 22 Wall. 341. These decisions place it beyond doubt that a party may be examined at the instance of the opposite party if the case comes within the conditions of the statute, as here it does. It has been supposed, however, that the case of Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, is opposed to the prior decisions referred to. A careful examination of that case discloses that the notion is unfounded. There one party to a suit sought to examine the opposite party, in advance of the trial, under the Code of Civil Procedure of the state of New York. The court held that the statute of New York is in conflict with the provisions of the Revised Statutes of the United States, which provide that "the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court except as hereinafter provided." Section 861. The court, however, while making no reference to the case of Texas v. Chiles, was careful to state that the ground for the examination of the party did not fall within the conditions required by the act of congress. It referred to the fact that the statute of the United States with great particularity prescribed the circumstances under which depositions might be taken in advance for use at the time of trial; that they were circumstances relating to the conditions of the witnesses, to residence more than 100 miles from the court, or bound on a voyage to sea, or going out of the United States, or out of the district in which the cause is to be tried, and to a greater distance than 100 miles of the place of trial, before the trial, or when he is ancient or infirm. The court then declares that none of these things are suggested, nor were they thought of as foundation for the order under which the examination in that case was sought to be had. So that the case in no way conflicts with or limits the doctrine of the case of Texas v. Chiles. Since that decision, congress has provided (27 Stat. 7, c. 14, approved March 9, 1892):

"That in addition to the mode of taking the depositions of witnesses in causes at law or equity in the district and circuit courts of the United States, it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held."

Whether this act does not, as touching the examination of an adverse party as a witness, when such examination is allowed by the law of the state in which a suit is depending in a federal court held within such state, or by the law of the state in which a party may reside, do away with the effect of the ruling in Ex parte Fisk, is a question which is unnecessary here to be determined. It is sufficient to say that the conditions under which the examination of the plaintiff is sought fall within those mentioned in section 863,

Rev. St. He lives at a greater distance from the place of trial than 100 miles, and the examination is sought at his place of residence. The defendant had, therefore, clearly a right to take his testimony as a witness.

The objection that the evidence is sought to be had before a plea to the merits might be of weight, were it not that the statute has failed to make any exception with respect to the time when the testimony shall be taken, and there is lacking power in the court to limit the authority to take the testimony to a time subsequent to an issue upon the merits. Indeed, such a limitation might, with respect to some of the conditions mentioned in the statute, render nugatory the statute. For example, if a witness is bound on a voyage to sea, or about to go out of the United States, or is ancient and infirm, the delay in taking his testimony, if such taking be postponed until issue joined in the suit, might render impossible the procuring of his testimony. The witness might then be beyond the jurisdiction of any court in the land, or might not survive until issue joined. The court has no more right to impose such a limitation in respect to one condition than it has to another. The intention of congress is clearly expressed that within any of the conditions mentioned in the statute a party to a cause may at any time, without respect to the status of the suit in respect to pleadings, avail himself of the right granted, and procure the testimony of the witness to be read at the trial.

The witness was served with a subpoena duces tecum to produce the promissory notes and documents mentioned in his declaration. They were under his control. I am advised of no good reason why they should not be produced, and there would seem to be, in the circumstances stated, good reasons for their production. An order will therefore be entered requiring the plaintiff to further attend upon the commissioner for examination, and to produce the papers demanded.