INTERNATIONAL TOOTH-CROWN CO. v. HANKS' DENTAL ASS'N.

(Circuit Court, S. D. New York. May 1, 1900.)

FEDERAL COURTS—ADOPTION OF STATE PRACTICE.
    Act March 9, 1892, authorizes federal courts to avail of all modes of taking testimony prescribed by the laws of the state in which they sit.[1]

On Motion to Require Witness to Answer Questions.

This is an action at law for the infringement of a patent. Pursuant to section 870 et seq. of the Code of Civil Procedure of the state of New York, plaintiff procured an order directing the examination of the defendant's officers before trial, and the production at the examination of such books and papers as related to the issues of the action. The order also directed such examination to be held before a master of the court, who was named therein. The president of the defendant, Dr. Edmund F. Hanks, appeared before the master, in obedience to a master's summons duly served upon him, and also produced the books and papers mentioned in the said order. At the hearing the witness Hanks refused to answer questions asked by plaintiff's counsel, acting under the advice of his counsel, on the ground that such examination was illegal, unauthorized, and beyond the power of the master or the jurisdiction of this court or the judge granting the order for such examination. Upon the record, a motion was made to require the witness to answer.

Walter D. Edmonds, for the motion.
C. K. Offield, opposed.

LACOMBE, Circuit Judge (after stating the facts). Ever since the passage of the act of March 9, 1892, it has been uniformly construed

---

[1] As to conformity of federal practice, pleading, and procedure to that of the state courts, see notes to O'Connell v. Reed, 5 C. C. A. 594; Griffin v. Wheel Co., 9 C. C. A. 548; and Insurance Co. v. Hall, 27 C. C. A. 392.

in this court as providing additional modes for taking testimony, so as to enable the federal courts to avail of all modes prescribed by the laws of the different states and adapted to the several communities where the courts sit. It is supplementary to section 914, Rev. St. U. S., securing a uniformity in the mode of taking proof, which that section was no doubt intended to secure, but which it failed to secure under the interpretation of the supreme court in Ex parte Fisk, 113 U. S. 724, 5 Sup. Ct. 724, 28 L. Ed. 1117. I do not find in Register Co. v. Leland, 37 C. C. A. 372, 94 Fed. 505, sufficient reason for reversing former decisions of this court, nor for declining to avail of any mode of taking proof which the state laws provide. The practice of examination before trial under the New York practice is a most wholesome one. It tends to simplification of the trial, and frequently leads to settlement out of court. The examination should proceed.