INTERNATIONAL TOOTH CROWN CO. v. CARTER.

SAME v. FREEMAN.

(Circuit Court, S. D. New York. December 7, 1901.)

</div>

DEPOSITIONS—FEDERAL COURTS—FOLLOWING STATE PRACTICE.
> Under Act March 9, 1892 (27 Stat. 7), a plaintiff in an action in a federal court in the state of New York may avail himself of the provisions of N. Y. Code Civ. Proc. § 870 et seq., permitting him to take the deposition of the defendant before trial.[1]

Actions at Law. On motions to vacate order for taking deposition. See 101 Fed. 306.

P. B. Adams, for the motion.
Walter D. Edmonds, opposed.

LACOMBE, Circuit Judge. The allegation of infringement is not made upon information and belief, as defendant asserts, but flatly, and without qualification, at folios 6 and 7. And this statement is not controverted by defendant. Therefore the court would not be warranted in assuming that the examination is sought in order to enable the plaintiff to ascertain if it has a cause of action. The Code devised such examination for the very purpose of enabling plaintiff to prove a cause of action. The objection that the order describes

[1] Conformity to state practice in taking depositions, see note to O'Connell v. Reed, 5 C. C. A. 594.

the referee as a special master is trivial and without merit. All other objections were passed upon in the Hanks Case (111 Fed. 916), which is now on appeal.

The motion to vacate order for examination is denied.