### JENNINGS v. MENAUGH et al.

#### (Circuit Court, D. Indiana. November 15, 1902.)

#### No. 9,952.

1. FEDERAL COURTS—RIGHT TO TAKE DEPOSITIONS—DISTANCE FROM PLACE OF TRIAL.

Whether a witness lives at a greater distance than 100 miles from the place of holding a federal court, so as to authorize the taking of his deposition for use in a civil cause depending therein, under Rev. St. § 863 [U. S. Comp. St. p. 661], is to be determined by taking the ordinary, usual, and shortest route of public travel, and not by the distance in a straight line.

At Law. On motion to suppress depositions.

William V. Rooker, for plaintiff.

Asa Elliott, S. H. Mitchell, and C. C. Hadley, for defendants.

BAKER, District Judge. The plaintiff has moved the court to suppress the depositions of some 30 witnesses of the defendants on the ground that each witness lives within 100 miles of the place of trial. It is shown in support of the motion that each witness lives within less than 100 miles of the place of trial, measured by a direct line. It is shown in opposition thereto, and it was conceded on the hearing of the motion, that each of said witnesses, by the ordinary, usual, and shortest route of public travel, lives at least 140 miles from the place of trial.

Section 863, Rev. St. U. S., in force since September 24, 1789 [U. S. Comp. St. 1901, p. 661], provides "that the testimony of any witness may be taken in any civil cause depending in a district or circuit court of the United States de bene esse when the witness lives at a greater distance from the place of trial than one hundred miles."

Section 876, Rev. St. U. S. [U. S. Comp. St. 1901, p. 667], in force since March 2, 1793, provides that "subpœnas for witnesses who are required to attend a court of the United States in any district may run into any other district: provided, that in civil cases, the witnesses living out of the district in which the court is held do not live at a greater distance than one hundred miles from the place of holding the same."

The question for decision is, how is the distance from the place of residence to the place of trial to be measured? By a straight line from the one place to the other, or by the ordinary, usual, and shortest route of public travel? In my opinion, the distance is to be determined by

¶ 1. See Depositions, vol. 16, Cent. Dig. § 27.

the ordinary, usual, and shortest route of public travel, and not by a mathematically straight line between the place of residence and the place of trial. This was held to be the true rule to be applied in such cases in Ex parte Beebees, 2 Wall. Jr. 127, Fed. Cas. No. 1,220, where Mr. Justice Grier, sitting at the circuit, said: "The court must, of course, have regard to the actual distance by the usual routes, and not the imaginary rules assumed for the benefit of mail contractors." In Fost. Fed. Prac., on page 638, § 286, the rule is laid down in these words: "Whether a witness resides more than one hundred miles from the place of trial is to be determined by the actual distance by usual routes." In Re Foster, 44 Vt. 570, construing a state statute, the supreme court of that state said: "It was made a prominent point in the argument that the deposition could not be lawfully taken, because the relator did not reside more than thirty miles from the place of trial. In the opinion of the court, the distance, as affecting the right to take and use the deposition of a witness, is to be computed upon the way of usual travel from one point to the other, namely, the residence of the witness and the place of trial." The supreme court of the state of New York, in the case of Smith v. Ingraham, 7 Cow. 419, where the question arose as to the rule of allowing service on agents where the attorneys do not reside within 40 miles of each other, held that "distance" in the rule means by the usually traveled road.

This rule for the determination of the distance between the place of residence and the place of trial seems to me to be the only reasonable one, and, in my opinion, it ought to be applied in determining a party's right to take the deposition of a witness. The fact, if it be a fact, that a witness may be compelled by subpœna to attend the court where he resides within the district at a greater distance than 100 miles is not influential in determining the party's right to take the deposition of the witness instead of compelling his attendance. Nor does the fact, if it be a fact, that a witness living within the district, and more than 100 miles from the place of trial, who has been subpœnaed and compelled to attend, may be entitled to his fees for travel for a greater distance than 100 miles, affect the construction of section 863, touching the right of parties to take the depositions of witnesses.

For these reasons the motion to suppress the depositions of witnesses, on the ground that their places of residence, measured by a mathematically straight line, are severally less than 100 miles from the place of trial, will be overruled. So ordered. The plaintiff is given an exception.