### HARTMAN v. FEENAUGHTY et al.

(Circuit Court, W. D. New York. July 11, 1905.)

DEPOSITIONS—FEDERAL COURTS—EXAMINATION OF PARTY.

A defendant in an action at law pending in a Circuit Court of the United States, who resides out of the district, and more than 100 miles from the place of trial, may be examined as a witness by the plaintiff, under Rev. St. § 863 [U. S. Comp. St. 1901, p. 661].

At Law. Motion to compel Charles H. Loveland, one of the defendants, to answer questions propounded to him as a witness, under section 863 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 661].

Frank F. Reed, for the motion.
A. D. Wales, opposed.

COXE, Circuit Judge. This is an action of replevin pending in the Western District of New York. The witness, whose testimony is desired, is Charles H. Loveland who resides at Binghamton, in the Northern District of New York, more than 100 miles from Buffalo, the place of trial. No controversy arises here as to the competency or materiality of the questions asked the witness, as he refused to answer any of them on the ground that, being a defendant and interested in the result, he cannot be examined under oath prior to the trial except as provided by section 870 et seq. of the Code of Civil Procedure of the state of New York.

So that, the sole question is can a witness, who is also a defendant in an action at law pending in a circuit court, who resides out of the district and more than 100 miles from the place of trial, be examined under section 863 of the Revised Statutes [U. S. Comp. St. 1901, p. 661]? That section provides:

"The testimony of any witness may be taken in any civil cause depending in a District or Circuit Court, by deposition de bene esse when the witness lives at a greater distance from the place of trial than one hundred miles."

Mr. Loveland is a witness in such a cause and he lives at a greater distance than 100 miles from Buffalo, the place of trial. The facts, therefore, bring the case within the express language of the statute.

It is not deemed necessary to enter upon an extended discussion of the propositions argued, for the reason that the precise point has been decided adversely to defendants' contention. Lowrey v. Kusworm (C. C.) 66 Fed. 539.

It is argued that under the act of March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], providing for an additional mode of taking the depositions of witnesses in the courts of the United States, the testimony of a party must now be taken pursuant to the provisions of the state code. In support of this contention defendants cite the following cases: Tooth Crown Co. v. Hanks (C. C.) 101 Fed. 306; Tooth Crown Co. v. Carter (C. C.) 112 Fed. 396. These cases have been overruled in Hanks Dental Ass'n v. International Tooth Crown Co., 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989, where the Supreme Court decided that:

"The courts of the United States are not given discretion to make depositions not authorized by federal law, but, in respect of depositions thereby authorized to be taken, they may follow the federal practice in the manner of taking, or that provided by the state law."

In other words, it was decided that proceedings like the present cannot be taken under the state law but must be taken under section 863.

It is argued that the action is based upon an untenable theory and cannot be maintained; this may be so but these are questions for the trial court to determine.

The motion is granted.