BLOOD v. MORRIN.

(Circuit Court, E. D. Missouri, E. D. November 17, 1905.)

No. 5,198.

COURTS—UNITED STATES COURTS—PROCEDURE—DEPOSITIONS.

A plaintiff in a federal court, who is a citizen of another state and resides more than 100 miles from the place of trial, may be compelled by the defendant to appear and testify by deposition de bene esse in advance of the trial, under Rev St. § 863 [U. S. Comp. St. 1901, p. 661], and such deposition may be taken at any place where he is found and served with subpoena.

At Law. On motion to show cause why an attachment should not issue against plaintiff, Harry E. Blood, for contempt of court.

Jas. L. Hopkins and Jas. H. Blood, for plaintiff.
Klein & Hough, for defendant.

FINKELNBURG, District Judge. This is an action at law for an alleged libel brought to the September term, 1905, of this court by plaintiff, Harry E. Blood, a resident of the state of New York, against John S. Morrin, a resident of the state of Missouri. An answer was filed October 10, 1905, alleging various matters of privilege and justification, and on October 11, 1905, a reply was filed whereby the case was brought to an issue. On the 12th day of October, 1905, defendant's attorneys caused a notice to be served on plaintiff's attorney that defendant would take the testimony of the plaintiff, Harry E. Blood, under sections 863–865, Rev. St. U. S. [U. S. Comp. St. 1901, pp. 661, 662, 663], and reciting, among other things, that the said Harry E. Blood resided more than 100 miles from the place of trial, etc. The place designated for the taking of the deposition was in St. Louis, Mo.; the time fixed was October 14, 1905, and the notice was served on plaintiff, Harry E. Blood, personally on the 11th day of October, 1905. The officer before whom the deposition was to be taken was a notary public in and for the city of St. Louis. A subpoena was issued by said notary public commanding Harry E. Blood to appear before him on the 14th day of October, 1905, at 11 o'clock in the forenoon of that day to be

examined de bene esse on the part of the defendant in the said cause. This subpœna was served on said Harry E. Blood personally on the 11th day of October, 1905. By the advice of his counsel plaintiff failed to appear and declined to submit to an examination. Thereupon, on October 17, 1905, defendant's attorneys filed a motion for an order to show cause why the said Harry E. Blood should not be punished for contempt in failing to appear before the said notary to give his deposition, and on the same day defendant's attorney filed a motion that the petition of the said Harry E. Blood be rejected and stricken from the files of this court.

Plaintiff's counsel relies principally on the decision in Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117, as a justification for the advice he gave to his client, and now claims that under the decision defendant had no right to take plaintiff's testimony at all in advance of the trial. The facts in the Fisk Case, briefly stated, were these: Fisk, a resident of New York City, was the defendant in a suit removed from a state court of New York City to the United States Circuit Court for the Southern District of New York sitting in New York City. An order for the taking of the defendant's deposition in advance of the trial was made under a statute of the state of New York, providing for such examinations. The defendant refused to be examined, whereupon he was imprisoned for contempt of court, from which he was released on an application for a writ of habeas corpus, the Supreme Court of the United States holding that he could not be compelled to give his deposition in advance of the trial under the circumstances prevailing when the order was made. The reasoning in the Fisk Case was in substance as follows: Section 861, Rev. St. U. S. [U. S. Comp. St. 1901, p. 661], provides that the mode of proof, in the trial of action at common law, shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided. The taking and reading of depositions is not oral testimony, and examination of a witness in open court within the meaning of the foregoing provision. It follows that depositions cannot be taken and read, unless they come under one of the exceptions referred to at the end of the foregoing section. These exceptions relate to cases where it is admissible to take depositions de bene esse under section 863, or in perpetuam rei memoriam, or under a dedimus potestatem as provided in section 866. None of the things required to take depositions under the first of these exceptions (de bene esse) are shown to exist, viz., that the witness lives more than 100 miles from the place of trial, or is bound on a voyage to sea, or is ancient and infirm, etc.; nor does the case come within the principles of section 866 relating to testimony in perpetuam rei memoriam, etc. Hence it follows that the deposition of the defendant could not be lawfully taken in advance of the trial.

Now the difference between the case at bar and Ex parte Fisk is that in the case at bar one of the exceptions referred to in section 861 does exist, viz., the plaintiff lives at a greater distance from the place of trial than 100 miles, and being a competent witness his deposition could be taken de bene esse under section 863. The Fisk Case is not in conflict with this right, on the contrary it is recognized by the court, for

after referring to the right to take depositions de bene esse when the witness lives more than 100 miles from the place of trial, or is ancient and infirm, etc., the court says:

"None of these things are suggested in regard to petitioner, nor were they thought of as a foundation of the order of the state court or of the Circuit Court. The statute of New York under which both courts acted, makes no such requirements as a condition to the examination of the party. It is a right which, if the judge may possibly refuse to grant, he is in that matter governed by none of the conditions on which the deposition may be taken under the act of Congress."

The case of Hanks Dental Ass'n v. Tooth Crown Co., 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989, also relied on by plaintiff, was another case in which the federal court of New York compelled a defendant to give his deposition in advance of the trial, not de bene esse under the act of Congress, but under a statute of the state of New York. The decision in this case follows the decision in the Fisk Case. Shellabarger v. Oliver (C. C.) 64 Fed. 306, also relied on by plaintiff, was another case in which plaintiff undertook to take the deposition of the defendant although defendant resided in the same city where the suit was pending, and none of the conditions prescribed by section 863 for depositions de bene esse existed.

Ever since the year 1865 parties to suits have been made competent witnesses in the courts of the United States. The provision making them such is now embodied in section 858 of the Revised Statutes [U. S. Comp. St. 1901, p. 659]. In Railroad Co. v. Pollard, 22 Wall. 341, 350, 22 L. Ed. 877, the court says:

"We have decided at the present term in Texas v. Chiles [21 Wall. 488, 22 L. Ed. 650] that in the courts of the United States parties to a suit are by acts of Congress put upon a footing of equality with other witnesses and are admissible to testify for themselves and compellable to testify for the others."

So that I do not see how the fact that it was the plaintiff whose deposition was to be taken in the case at bar makes any difference. The question is, could any competent witness be examined by deposition in advance of the trial under the circumstances prevailing in this case? It appears from the record that the plaintiff resided in the city of Buffalo, state of New York. The court will take judicial notice of the fact that the city of Buffalo is more than 100 miles from St. Louis, Mo., the place of trial. Plaintiff expressly avers his residence in Buffalo, N. Y., as a jurisdictional fact, and we cannot accept the suggestion of plaintiff's counsel that for the purpose of testing the right to take his deposition de bene esse he should be considered as living in St. Louis merely because he was here in this city when the subpœna was served on him. He cannot be a resident of Buffalo, N. Y., for one purpose, and a resident of St. Louis, Mo., for another purpose, growing out of this suit; and, as his right to sue at all in this court is based on his alleged residence in Buffalo, we must accept that as the test for all other purposes involving the question of residence. I do not think that the language used in Mutual Benefit Life Ins. Co. v. Robison, 58 Fed. 723, 732, 7 C. C. A. 444, 22 L. R. A. 325, applies to the circumstances which exist in the case at bar.

The case at bar then resolves itself into this: (1) Plaintiff is a competent witness compellable to testify on behalf of defendant. Section 858, Rev. St. U. S. (2) Plaintiff lives at a greater distance than 100 miles from the place of trial. (3) The process of this court will not issue to compel a witness to travel a greater distance than 100 miles to attend the trial of a cause (section 876, Rev. St. U. S. [U. S. Comp. St. 1901, p. 667]). Therefore (4) defendant has a right to take plaintiff's deposition de bene esse under section 863, Rev. St. U. S. [U. S. Comp. St. 1901, p. 661].

It is nowhere provided that a deposition de bene esse must actually be taken at the place where the witness resided, and we cannot read such a limitation into the law. A witness who resides more than 100 miles from the place of trial may travel to and from many places during the interval between the bringing of the suit and the day of trial, and it may be necessary in order to secure his testimony to take it at some place other than the place of his residence. If this were not permissible, he could easily avoid giving his testimony de bene esse altogether by absenting himself from his place of residence until the day of trial. Such a construction cannot reasonably be put upon a law, the object of which is to secure the testimony of nonresident witnesses whose personal presence cannot be secured at the place of trial.

The motion for an order to show cause why plaintiff should not be punished for contempt in failing to appear before the notary and give his deposition will be sustained and made returnable on the 27th day of November, 1905. The motion to strike the petition from the files will be held under advisement for the present.