## FROST v. BARBER.

(Circuit Court, S. D. New York. October 6, 1909.)

COURTS (§ 350*)—FEDERAL COURTS—ADOPTION OF PRACTICE OF STATE COURTS.
The federal statutes and practice do not authorize the examination of an opposing party before trial, although provided for by a state statute; but under Rev. St. § 863 (U. S. Comp. St. 1901, p. 661), which authorizes a party to take the testimony of any witness who resides at a greater distance than 100 miles, etc., by deposition, where he desires the testimony of the opposing party, the court may require the latter to appear at the trial, or postpone the trial when reached, to enable his deposition to be then taken.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 923, 924; Dec. Dig. § 350.*]

Action by Meshech Frost against Ohio C. Barber. On application for examination of plaintiff. Denied.

See, also, 173 Fed. 848.

William A. Ulman, for plaintiff.
Wollman & Wollman, for defendant.

LACOMBE, Circuit Judge. The federal practice does not permit examination of a party before trial. Hanks Dental Ass'n v. International Tooth Crown Co., 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989. The object of section 863, Rev. St. (U. S. Comp. St. 1901, p. 661), is not to enable a party to ascertain, in advance of the trial, what will be the testimony of some particular witness, but solely to secure him against

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

going to trial without the testimony of every witness whom he believes he should call or examine.

This object will be attained in the present case by denying this application, with the proviso that, when the cause is called for trial, the witness, who is the plaintiff, shall be present in court and within the reach of a subpœna, and that if he should not be so present the trial be postponed long enough to enable the defendant to take his testimony, wherever he may then be.