### FROST v. BARBER.

(Circuit Court, S. D. New York.  October 13, 1909.)

COURTS (§ 350*)—FEDERAL COURTS—DEPOSITIONS—NONRESIDENCE OF WITNESS.
    A party is not entitled to take the deposition of a witness in a federal court, under Rev. St. § 863 (U. S. Comp. St. 1901, p. 661), where the witness actually lives at the place of trial and expects to remain there, although his legal domicile may be elsewhere.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 923; Dec. Dig. § 350.*]

Action by Meshech Frost against Ohio C. Barber.  On application to take deposition of plaintiff.  Application denied.
See, also, 173 Fed. 847.

Wm. A. Ulman, for plaintiff.
Wollman & Wollman, for defendant.

LACOMBE, Circuit Judge.  The frequent use of the words "residence" and "domicile" in the long line of authorities cited is not persuasive, because the facts differed so much from those in the suit at bar.  In those cases the witness was actually living at the place of his residence or domicile.  In the case at bar (assuming, for the sake of argument, that the efforts to secure technical residence in New Jersey were futile) the plaintiff is a citizen of Ohio, where his domicile was from the time he was seven years old, and where he had voted for many years; but, after the death of his wife and the marriage of his children, his presence in Ohio has been infrequent and for short intervals, and he has actually lived for the past year and a half in this city, except for a visit to Europe, lasting 28 days, and various short trips elsewhere, aggregating not more than 3 weeks, and he expects to continue living here until the trial.

Under the circumstances, the application to compel him to testify under section 863, Rev. St. (U. S. Comp. St. 1901, p. 661), should be denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes