## GREEN v. VICTOR TALKING MACH. CO.

(District Court, E. D. New York. October 18, 1926.)

No. 2557.

1. Depositions ⬅➡12—Distance at which witness lives from place of trial to be measured over shortest, ordinary and usual route of public travel (Comp. St. § 1472).

Under Rev. St. § 863 (Comp. St. § 1472), authorizing the taking de bene esse, of the deposition of a witness who lives more than 100 miles from the place of trial, and who, therefore, cannot be subpœnaed under section 876 (Comp. St. § 1487), where the witness lives out of the district, in determining whether the witness lives more than 100 miles from the place of trial, the distance is not to be measured in a direct line, but by the ordinary and usual route of public travel, and by the shortest of such routes, if there are more than one, though there may be a longer route, which is more convenient and more frequently used.

2. Depositions ⬅➡1—Depositions may be taken only when intended for use on trial (Comp. St. § 1472).

Rev. St. § 863 (Comp. St. § 1472), cannot be used by a party to take the deposition of a witness not intended to be used on the trial, but for the purpose of an examination before trial.

At Law. Action by Lydia M. Green, individually and as executrix of the will of Thomas F. Green, deceased, against the Victor Talking Machine Company. On motion by defendant to set aside notices to take depositions. Motion granted.

Jeffery & Redmond, of New York City, for plaintiff.

Hughes, Rounds, Schurman & Dwight, of New York City, for defendant.

CAMPBELL, District Judge. This case comes before the court on an order obtained by the defendant, ordering the plaintiff to show cause why the notice dated September 21, 1926, by the attorneys for the plaintiff to the attorneys for the defendant, to take the depositions of Walter J. Staats and Ralph L. Freeman, on September 29, 1926, at Camden, N. J., and all acts done thereunder, should not be set aside and declared null, void, and of no effect, on the ground that said Walter J. Staats and said Ralph L. Freeman each reside less than 100 miles from the place of trial of this action, and on the ground that the plaintiff does not intend, in good faith, to use said depositions in the trial of this action.

[1] The depositions are sought to be taken under section 863 of the Revised Statutes (Comp. St. § 1472), so much of which as is necesssary for consideration reads as follows: "The testimony of any witness may be taken

in any civil cause depending in a district or circuit court by deposition de bene esse, when the witness lives at a greater distance from the place of trial than one hundred miles. * * * "

Obviously this provision is intended, among other things, to enable a party to obtain the testimony of a witness living at a greater distance than 100 miles ' from the place of holding the court at which the case is to be tried, and thus to supplement section 876 (Comp. St. § 1487) relating to subpoenas which reads as follows:

"Subpoenas for witnesses who are required to attend a court of the United States, in any district, may run into any other district: Provided, that in civil causes the witnesses living out of the district in which the court is held do not live at a greater distance than one hundred miles from the place of holding the same."

In determining whether the witnesses live within 100 miles of the place of trial, the distance is not to be determined by measuring in a direct air line, but by the ordinary, usual and shortest route of public travel. Jennings v. Menaugh (C. C.) 118 F. 612.

Inasmuch as section 863 of the Revised Statutes has been in force since September 24, 1789 (section 30, c. 20, Laws of 1789), and section 876 has been in force since March 2, 1793 (chapter 22, 1 Stat. 335), at which times there were no railroads, it does not seem to me that objection can be made to the defendant's claim that the ordinary, usual and shortest route includes traveling for part of the distance either in the witness' private automobile or a public bus, when a line of public busses is maintained, and certainly I do not think that the fact that perhaps more comfortable travel by parlor car can be enjoyed, the time of travel lessened, and a greater latitude given in the choice of trains by going to a railroad center in the opposite direction to that in which the witness should go to reach the place of trial, and thus increase the distance so that it will be more than 100 miles, was contemplated by the Congress when the sections in question were passed.

The distance must be determined not only by the ordinary and usual route of public travel, but also by the shortest of such routes, if there be more than one route which is an ordinary and usual one.

Plaintiff's contention that the distance is over 100 miles is based on the proposition that, for both of the witnesses, the ordinary and usual route is to go to Philadelphia, and from there to New York, and that in so doing the distance traveled is more than 100 miles.

Mr. Freeman lives at Moorestown, N. J., which is 69 miles from the federal courthouse in Brooklyn, and Mr. Staats, at Merchantville, N. J., which is 5 or 6 miles south of Moorestown. Plaintiff has not convinced me that her contention is correct; in fact, it seems to me that her contention is based largely on assumption rather than the evidence of those who travel to New York from the places where the witnesses in question reside.

Defendant, however, not only furnished the evidence of the witnesses in question but of railroad station agents and others, which convinces me that there are two ordinary, usual and shorter routes of public travel than that of going through Philadelphia, viz.: One by going through Trenton, N. J., without going through Philadelphia; the other by going through South Amboy, N. J., without going through Philadelphia, the one through South Amboy being the shorter of the said routes, and that the distance by each of such routes, without going through Philadelphia, from their respective places of residence to the court house in Brooklyn is, as to each of such witnesses, less than 100 miles.

[2] Plaintiff's purpose, it seems to me, is not to obtain the testimony of these witnesses which she intends to use on the trial, but to obtain by indirection what she could not obtain directly under the federal practice; that is, an examination before trial. This is not the purpose for which depositions de bene esse are permitted to be taken in the federal courts. Frost v. Barber (C. C.) 173 F. 847.

If plaintiff desires the testimony on the trial of the two witnesses in question, all that she will be required to do will be to subpoena them, because in the face of their affidavits on this motion they cannot raise any question about their being subject to a subpoena issued by this court for their attendance on the trial.

The defendant's motion to set aside as null and void the notices to take the depositions of the witnesses in question, and all acts done under them, is granted.