**BAGDAN MILK CO., Inc., v. DAIRYMEN'S LEAGUE CO-OP. ASS'N, Inc., et al.**

District Court, S. D. New York.

Nov. 10, 1930.

Aaron Sapiro and Harry Starr, both of New York City, for plaintiff.

Max Rothenberg, of New York City, for defendant Bronx Farms Co., Inc.

John J. O'Connor, of New York City, for defendants Arnstein & Beckman, Inc., and Waddington Condensed Milk Co.

Seward A. Miller, of New York City, for defendants Dairymen's League Cooperative Assn., Inc., Delancey Milk & Cream Co., Inc., Beakes Dairy Co., Model Dairy Co., Inc., and Henry Sacks Dairy, Inc.

COXE, District Judge.

Admittedly, the two witnesses whose depositions de bene esse are sought under section 639, title 28, U. S. Code (28 USCA § 639), have "legal residences" more than 100 miles from the place of trial of the action. They actually live at these "legal residences," although they spend the greater part of each week at the offices of the Dairymen's League in New York City. I am clear, therefore, that both witnesses are within the section, no matter how narrow a construction is given to the word "lives." Frost v. Barber (C. C.) 173 F. 848; Mutual Ben. Life Ins. Co. v. Robison (C. C. A.) 58 Fed. 723, 732, 22 L. R. A. 325; Green v. Victor Talking Mach. Co. (D. C.) 15 F.(2d) 869. And the purpose of the statute is not to be thwarted even though the witnesses have business offices in New York City. Blood v. Morrin (C. C.) 140 F. 918. It is settled, also, that the deposition of a party may be obtained under the section, Hartman v. Feenaughty (C. C.) 139 F. 887; Blood v. Morrin, supra, even though an examination before trial under the New York Code is not permissible. Hanks Dental Ass'n v. International Tooth Crown Co., 194

U. S. 303, 24 S. Ct. 700, 48 L. Ed. 989. But the defendants challenge the good faith of the examination and insist that the purpose of taking the depositions is to secure by indirection what Hanks Dental Ass'n v. International Tooth Crown Co., supra, held could not be done by direction. It is a sufficient answer that a deposition de bene esse under section 639 is different in its aim and scope from an examination before trial under the New York Code; and the plaintiff is entitled under the law to take the depositions provided the requirements of the section are met. Furthermore, no facts are shown either to impugn the motives of the plaintiff or to indicate that the examination will in any way be perverted from its proper course. It will be time to dispose of such questions when there is something more than conjecture to support them. Henning v. Boyle (C. C.) 112 F. 397.

I cannot see that the offer of the defendants to produce the witnesses at the trial in any way meets the situation, as much may happen between now and the date of trial, and the plaintiff desires the depositions now to perpetuate the testimony. It is understood that the place of the examination will be arranged satisfactorily with the two witnesses in order that their business engagements may be interfered with as little as possible.

The motion to vacate is denied.