**MERCHANT BANK OF NEW YORK v. GROVE SILK CO.**

Civ. 3626.

United States District Court
M. D. Pennsylvania.

June 26, 1951.

Compton & Handler, by Arthur Berman and Samuel Handler, Harrisburg, for plaintiff.

J. Julius Levy, Ernest D. Preate, Scranton, for defendant.

WATSON, Chief Judge.

Plaintiff filed a motion to quash a subpoena duces tecum served by the Defendant upon Fabian Roll, Vice President of the Plaintiff Bank, at 434 Broadway, New York City, New York.

Plaintiff contends, inter alia, that the subpoena is of no force and effect as it is not within 100 miles of the place of trial, Scranton, Pennsylvania.

440

Under Rule 45 of the Federal Rules of Civil Procedure, 28 U.S.C.A., a subpoena may be served at a place outside the district provided it is within 100 miles of the place of hearing or trial specified in the subpoena. The distance is to be determined by the ordinary, usual and shortest route of public travel and not by a mathematically straight line between the place of service and the place of trial. Jennings v. Menaugh, C.C.Ind.1902, 118 F. 612; Green v. Victor Talking Machine Co., D.C.E.D.N. Y.1926, 15 F.2d 869. The Court may take judicial notice that a distance between cities named is more than 100 miles. Munson S. S. Lines v. Newman, 5 Cir., 1928, 24 F.2d 417.

In applying the above method for computing distance, the Court takes judicial notice that New York City, New York, is more than 100 miles distant from Scranton, Pennsylvania, by the usual and shortest route of public travel.

The subpoena, having been served at a place more than 100 miles distant from Scranton, Pennsylvania, it is ordered that Plaintiff's motion to quash the subpoena, served upon Fabian Roll on June 21, 1951, be, and it hereby is, granted, and the subpoena be, and it hereby is, quashed.