SCM CORPORATION

v.

XEROX CORPORATION.

Civ. No. 15807.

United States District Court,
D. Connecticut.

Sept. 21, 1977.

See also, D.C., 77 F.R.D. 16.

Stephen Rackow Kaye, New York City, for plaintiff.

Stanley D. Robinson, New York City, for defendant.

## RULING ON OBJECTION TO DEPOSITION

NEWMAN, District Judge.

In the midst of this complex private antitrust litigation, the parties have joined issue on whether the 100-mile provision of Fed.R. Civ.P. 32(a)(3)(B) governing the use of depositions at trial is measured along a straight line on a map or along the ordinary, usual, and shortest route of public travel. The dispute inevitably implicates the similar 100-mile provision of Fed.R.Civ.P. 45(e)(1) governing subpoenas for trial witnesses.

Plaintiff has offered the deposition transcript of a witness who resides on Long Island in Great Neck, N.Y. That communi-

ty is 88 miles "as the crow flies" from Hartford, Connecticut, the site of this trial, and 113 miles away by automobile, the shortest route by normal modes of transportation. Defendant objects.

Rule 32(a)(3)(B) provides that the deposition of a witness may be used at trial if "the witness is at a greater distance than 100 miles from the place of trial". Rule 45(e)(1) provides that a subpoena may be served "at any place within the district, or at any place without the district that is within 100 miles of the place of the . . trial".

The 100-mile distance as the limit in which witnesses might be inconvenienced by attendance at civil trials was established in the 18th Century, when, even allowing for the modern phenomenon of traffic jams, a journey of such distance was far more time-consuming than it would be today. See § 30, c. 20, Laws of 1789; Chapter 22, 1 Stat. 335 (1793). Early decisions construed such 100-mile provisions as referring to the ordinary, usual, and shortest route of travel, *Jennings v. Menaugh*, 118 F. 612 (C.C. Ind.1902); *Green v. Victor Talking Machine Co.*, 15 F.2d 869 (E.D.N.Y.1926); *Merchant Bank of New York v. Grove Silk Co.*, 11 F.R.D. 439 (M.D.Pa.1951). No case since 1951 appears to have been confronted with the issue on facts where choosing between straight line and ordinary travel measurements made the crucial difference. The ordinary travel standard has more recently been referred to when the choice of measurement was not crucial. See *Colonial Realty Corp. v. Brunswick Corp.*, 337 F.Supp. 546 (S.D.N.Y.1971); see also *Penntube Plastics Co. v. Fluorotex, Inc.*, 336 F.Supp. 698 (D.S.C.1971) (semble).

In 1963, another 100-mile provision was added to the federal rules. Fed.R.Civ.P. 4(f) permits "bulge" service of process "at all places outside the state [in which the district court is held] but within the United States that are not more than 100 miles from the place in which the action is commenced, or to which it is assigned or transferred for trial". The Advisory Committee Notes state that this provision was adopted "in the light of present-day facilities for communication and travel" and is "analogous" to the subpoena-service provision of Rule 45(e)(1).

Since its adoption in 1963, the 100-mile distance for "bulge" service has uniformly been construed to mean a straight line measurement. *Pillsbury Co. v. Delta Boat & Barge Rental, Inc.*, 72 F.R.D. 630 (E.D. La.1976); *Deloro Smelting and Refining Co. v. Engelhard Minerals and Chemicals Corp.*, 313 F.Supp. 470 (D.N.J.1970); *Pierce v. Globemaster Baltimore, Inc.*, 49 F.R.D. 63 (D.Md.1969). See 2 Moore's Federal Practice ¶ 2.42[2] (2d ed.); 4 Wright & Miller, Federal Practice and Procedure: Civil § 1127 (1969).

While rules concerning attendance of witnesses and service of process on parties have different purposes, see *Deloro Smelting, supra*, inconsistent interpretations of virtually identical phrases in different provisions of the federal rules should be avoided unless some substantial purpose would be achieved. The convenience of those few witnesses who live within 100 air miles but beyond 100 travel miles of the courthouse is too insubstantial to justify continuation of the pre-1963 interpretation of Rules 32(a)(3)(B) and 45(e)(1) at variance with Rule 4(f).

In many of the larger federal districts, witnesses are already obliged to attend civil trials from a distance far greater than 100 travel or even air miles by virtue of Rule 45's provision for service of a subpoena "at any place within the district".

Uniform interpretation of the 100-mile provision in all three rules achieves several benefits. It modestly expands the reach of civil trial subpoenas, thus promoting the favored policy of affording the trier an opportunity to hear witnesses in person. See, *e. g., Arnstein v. Porter*, 154 F.2d 464, 470 (2d Cir. 1946); Fed.R.Civ.P. 32(a)(3)(E). It avoids trivial disputes as to which actually are the ordinary, usual, and shortest routes of travel. Finally, it eliminates the anomaly that would otherwise exist of a plaintiff's being able to sue a person within 100 air miles of the courthouse, but not

being able to present that defendant's live testimony to the trier when the defendant lives more than 100 travel miles away.[1]

The case for uniformity outweighs the claims of antiquity. The objection to use of the witness's deposition is sustained.[2]

---

1. Harmonizing the 100-mile provisions of Rules 32(a)(3)(B) and 45(e)(1) with that of Rule 4(f) does not, of course, eliminate all anomalies between provisions for service of process and attendance of witnesses. Even under this Court's construction of Rules 32(a)(3)(B) and 45(e)(1), a defendant beyond 100 air miles from the courthouse cannot be subpoenaed to a trial in which he was served under Rule 4(e) and a state long-arm statute or under Rule 4(f)'s provision for state-wide service in a multi-district state. It will be sufficient to eliminate at least one slight anomaly.

2. If some brief portions of the deposition concern relatively non-controversial matters, as to which an opportunity to assess credibility by observing the witness is not important, such portions may be admissible under provision (E) of Rule 32(a)(3), since the length of this trial is itself an "exceptional circumstance" justifying such use "in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court". *Ibid. See also* Fed.R.Civ.P. 1.