**John T. HILL, et al., Plaintiffs,**

v.

**EQUITABLE BANK, NATIONAL ASSOCIATION, Defendant.**

**Civ. A. No. 82–220 CMW.**

United States District Court, D. Delaware.

March 4, 1987.

---

Steven D. Goldberg of Theisen, Lank, Mulford & Goldberg, Wilmington, Del., for plaintiffs; Richard I. Kovelant and Douglas Clark Hollman of Goldman, Kruger, Kovelant, Hurtt, Hollmann & Kaiser, Laurel, Md., of counsel.

Martin I. Lubaroff of Richards, Layton & Finger, Wilmington, Del., for defendant; Michael D. Colglazier and Ty Cobb of Miles & Stockbridge, Baltimore, Md., of counsel.

CALEB M. WRIGHT, Senior District Judge.

Plaintiffs have filed a motion to determine the admissibility at trial of the depositions of Martin Mason and Richard Ward pursuant to Rule 32 of the Federal Rules of Civil Procedure and in accordance with Rule 804 of the Federal Rules of Evidence.

## DEPOSITION OF MARTIN MASON

█ Under Rule 32, the deposition of a witness, whether or not a party, is admissible at trial provided, *inter alia,* that the witness resides at a distance greater than 100 miles from the trial or hearing. Mr. Mason resides in Derry, New Hampshire, over 100 miles from Wilmington, Delaware. The requirement of Rule 32 is thus satisfied.

The more difficult question is whether Rule 804 of the Federal Rules of Evidence is satisfied. Mr. Mason, because he lives outside the subpoena powers of the Court, is, as required by Rule 804(a), unavailable to testify. His testimony at the deposition taken on September 7, 1983 is admissible if the defendants had an opportunity to cross-examine Mason.

At the time Mason's deposition was taken, defendant claimed that the sole purpose of the deposition was to allow plaintiffs to find facts sufficient to support an Amended Complaint. Attorney for the defendant reserved the right to cross-examine if the Court did not dismiss the plaintiffs' amended complaint. Plaintiffs' complaint survived defendant's motion to dismiss. *Hill v. Equitable Bank, N.A.,* 599 F.Supp. 1062 (D.Del.1984); yet, defendant never attempted to exercise its asserted right to examine Mason.

On November 25, 1985, attorney for plaintiffs notified defendant's attorney of his intention to use Mason's deposition at trial. Noting that the discovery cut-off date at that time was January 31, 1986, plaintiffs' attorney suggested that defendant "complete whatever further depositions of these two witnesses [Mason and Ward]

are necessary." Apparently, defendant never did anything to depose Mason. In light of the fact that the original deposition was taken over three years ago; that the Court denied defendant's dismissal motion almost three years ago; and that plaintiffs' attorney notified defendant's attorney of his intent to use the deposition at trial over a year ago, defendant has had ample opportunity to cross-examine Mason. Because defendant failed to exercise that option, the Court finds that Rule 804 is satisfied and will admit Mason's deposition.

## DEPOSITION OF RICHARD WARD

■ The Court will not admit the Ward deposition for two reasons. First, the Court does not believe that Ward is beyond the subpoena power of the court. A subpoena may be served on a witness outside the district provided that he is served within 100 miles of the place of trial. Fed.R.Civ.P. 45(e)(1). Mr. Ward resides in Rockville, Maryland. In measuring the distance between the place of trial and the place of service, the more modern interpretation has been to measure mileage by a straight line on a map. *SCM Corp. v. Xerox Corp.*, 76 F.R.D. 214 (D.Conn.1977). This is in contrast to the earlier decisions that held the appropriate measurement to be the ordinary, usual and shortest route of travel. *Merchant Bank of New York v. Grove Silk Co.*, 11 F.R.D. 439 (M.D.Pa. 1951).

The Court will adopt the approach taken in *SCM* for the reasons stated in that opinion. 76 F.R.D. at 215. The *SCM* Court sought to harmonize the interpretation of "100 miles" in Rule 45 to the interpretation given to "100 miles" in Rule 4. Cases decided under Rule 4 have construed 100 miles to mean a straight line measurement. *See, e.g., Lee v. Ohio Cas. Ins. Co.*, 445 F.Supp. 189, 193, n. 12 (D.Del.1978) (Wright, J.); *Pillsbury Co. v. Delta Boat & Barge Rental, Inc.*, 72 F.R.D. 630 (E.D.La. 1976); *Deloro Smelting and Refining Co. v. Engelhard Minerals and Chemical Corp.*, 313 F.Supp. 470 (D.N.J.1970). Using a straight line measurement will avoid trivial disputes over what is the ordinary

and usual travel route. *SCM*, 76 F.R.D. at 215. It also makes little sense to allow a defendant to be served with a complaint at a distance from which the defendant could not be forced to testify. *Id.* at 215–216. Applying the straight line measurement method, the Court finds that it is 96 miles from Wilmington to Rockville. Ward is thus available to testify and his deposition is inadmissible hearsay.

■ Second, the plaintiffs seek to introduce the deposition they took of Ward in a related action pending in the District of Maryland, *Ruger, et al. v. Taubman, et al.*, C.A. No. JH83–1813, at which defendant's attorney was not present. At the time of Mr. Ward's deposition in this case, plaintiffs' attorney's direct examination was essentially limited to referring Ward to the *Ruger* deposition and asking if he would answer the same questions in the same manner. At the time of Ward's deposition, defendant's counsel made it clear that he objected to using the other deposition for anything other than discovery purposes. The presence of another adversary with the same motive to cross-examine, coupled with a substantial identity of issues would permit this Court to admit the deposition from a different action to this action. *George Whitten, Jr., Inc. v. State University Const. Inc.*, 359 F.Supp. 1037, 1039 (D.Mass.1973), *aff'd. on other grounds*, 493 F.2d 177 (1st Cir.1974).

However, the plaintiffs should make a substantial showing that the above requirements have been satisfied. *Id.* Plaintiffs have not demonstrated to this Court that the attorneys for the defendants in the related case would cross-examine in a like manner to the attorneys for Equitable Bank. Different defendants often have different goals in deposing a witness. Plaintiffs have not demonstrated to this Court that the attorneys for the defendants in the related case would cross-examine in a like manner to the attorneys for Equitable Bank. Because defendant's rights may not have been adequately protected at the Ward deposition in *Ruger*, the portion of his deposition taken from the other case

will not be admitted. And, because the Court finds that Mr. Ward resides within 100 miles of the Court, none of the deposition will be admitted.

An Order will enter in conformity with this Opinion.