**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWAYNE LAMONT BURGESS, | No. 17-17427 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-00921-LJO-JLT |
| v. | |
| J. RAYA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

California state prisoner Dwayne Lamont Burgess appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging an Eighth Amendment claim.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1162, 1168 (9th Cir. 2014) (en banc). We affirm.

The district court properly granted summary judgment because Burgess failed to exhaust his administrative remedies with respect to his claim that he was exposed to pepper spray for a prolonged period of time after alerting defendants to his health issues. *See id.* at 1171-72 (setting forth the parties' respective burdens for a failure to exhaust defense under the Prison Litigation Reform Act); *Griffin v. Arpaio*, 557 F.3d 1117, 1120-21 (9th Cir. 2009) (a prisoner's grievance must "alert[] the prison to the nature of the wrong for which the redress is sought" and provide sufficient information "to allow prison officials to take appropriate responsive measures") (citations and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**